*46 OPINION of the Court, by
Judge Owsley.
The. aPPedee being possessed of a tract of land, on the 2d day of February, 1803, sold the sameto the appellant fof the pr}ce 0f four thousand dollars, and gave an obligation, conditioned to convey to the appellant by deed of general warranty, the tract of land whereon the appellee then lived, containing 610 acres on the south side of KentUc-river and 40 acres on the fiorth side, and to include the ferry, be the same more or less. That some time thereafter the appellant, as he alleges, conceiving himself imposed on in the sale and purchase of the land aforesaid, exhibited his bill in chancery in the Mercer cir, cuit court for relief, in which he charges that the appel-Previ°us and at the time of the sale aforesaid, fraudulently represented and assured the appellee that the tract whereor. he then lived, and which he was then selling, contained at least 610. acres on the south side ofthe Kentucky, and 40 acres on the north ; that rely-jr¡g 0n the representations and believing the' tract contained 610 acres, he made the purchase, and received an obligation for a conveyance ; that he has made con-siderabie payments therefor, and that there are other adversary claims to the 40 acres on the north side of the river; and that under a continued-state of misrepresentation and fraud, the appellee acknowledged a deed. for a certain boundary of land containing by estimation 610 acres, more or less. He further charges that the trpct of land did contain but 543 acres, and prays the contract to be cancelled,(&c. and for general relief. The appellee by his answer admits the sale, but defraud. On a final hearing the circuit court disrais-s£d c'ne appellant’s bill, from which decree he has pro-this appeal. In determining this cause we will. krst cons'der whether the appellee, whilst selling of the land? was guilty of such misrepresentation and fraud for which relief should be extended to the appellant, and if *47 So, whether the subsequent acknowledgement of the deed so changed the case as to preclude the interposition of a court of equity ? That the most plain and obvious meaning of the term more or less, in án obligation for a conveyance of land, is that ttie parties are to run the ⅛ . , *, , risque or gam or loss, as tnere may be an excess or a de-liciency in the estimated quantity, is certainly true, as has been heretofore determined by this cornu (a) Brit it is conceived that rule does not preclude an inquiry into a fraud which may have been committed by either party to the contract, ánd upon the establishment of the fraud relieve against it. It Í3 evident the tract of land upon which the appellee lived, and which he sold to the appellant on the south side of the river, does not contain the quantity of 610 acres, but about the quantity of 543 acres. This is satisfactorily demonstrated by the deed from Doran to the appellee filed, as well as from the surveyor’s report made out in this cause. That deed is the only title paper exhibited which establishes any boundary, and from it the quantity is represented to be 543 acres. But it is urged by the appellee that no defect of title is charged in the bill, and consequently he was not bound to produce one. To this may be answered, that though a defect of title is not alleged, defect of quantity is ; and to ascertain the quantity, an examination into the title of the tráct which the appellee held at the time of sale, becomes proper and necessáry, for the purpose of describing the boundary; The title from Doran having been produced, and by that the quantity described is fouild to contain 543 acres only. If the appellee had any other tract or boundary of land, he should have established it; and his not having done so, is a conclusive circumstance that he had no other, and that the quantity was not so great as he represented. That the appellee knew the tract did not contain 610 acres is equally obvious. He held the land by deed from Doran, and from it he must-have known the quantity ca%d for was but 543 acres ; and that the quantity sold by the appellee at the time of sale was represented as containing at least 610 acresj from the evidence is abundantly proven. We can.have no doubt therefore but that the appellee was guilty of a wilful false representation as to the quantity, and for which the appellant is justly entitled to relief. The *48 circumstance of the deed having been acknowledged; cannot affect the appellant’s right ; for there is no evidence in the cause which proves he had any knowledge of the imposition which had been práctised on him, of that he knew the boundary of the land described in the deed, before it was acknowledged ; but it seems from the evidence that the appellee had the deed drawn according to courses furnished by himself, and of which the appellant had no knowledge. The acknowledgment of'a deed thus made surely cannot better the appellee’s situation, or in anywise prejudice the appellant’s right.
Upon the whole, we think the appellant; entitled to relief; but what should be the extent of that relief, admits of more doubt. We are of opinion, however, that the deficiency of quantity is not such as for which the contract should be cancelled, but is properly thé subject of compensation, (a) ,
Decrce reversed, and esuse remanded, and a survey-ordered to ascertain the correct quantity of land on the south side of the river, by metes and bounds, included in the tract conveyed by Dorari to Delany, excluding that part conveyed by Delany to Reid ; and upon the report'of the surveyor a decree be entered in favor of M’Coun against Delany for the deficiency between that quantity and 6l0 acres, to be computed at the rate of. six dollars and fifteen cents per acre, being the average price of the whole quantity purchased by M’Coun ; and that M’G^mn be decreed to convey by deed without warranty, the excess which may be included in the deed executed by Delany to him, and which will not be iucluded in the boundary of the tract as before directed to be surveyed.

 Young Craig, vs. Craig, vol. 2, 272.

 Finley's executors vs. Lynch, vol. 2, 566.