The Chief Justice
delivered tbe opinion.
This case was formerly before this court, on an appeal taken by Bullock from a decree of the Nelson circuit court, rescinding tbe contract for tbe sale of the land, on account of the inability of Bullock to make a title; and that decree, though deemed correct by this court upon the main point, was reversed because Bemiss was not compelled to account for the rents received by him from the time he took pos-' session until he abandoned it. 1 Marsh. 433.
When the cause was remanded, the circuit court, at their June term, 1819, in obedience to the mandate of this court, appointed commissioners to ascertain the amount of the rents, and directed them to report to the 10th day of the term. On Monday, the 5th of July, being a continuance of the same term, Bullock, alleging that the commissioners had been appointed at the instance of Beemis without hia knowledge, and that the time allowed for them to meet and make their report, was too short to enable him to procure testimony of the value of tbe timber taken off the land by Beemis, applied to the court to appoint other commissioners, and to allow them till next term to make their report
The court appointed other commissioners in addition to the former, but directed them to meet on the land on Friday, and to make their report on the Saturday following, that being the last day of that term the court would set; and because the court would mot allow some fart her day between that and the next term, for the meeting of tbe commissioners, Bullock excepted. The commissioners so ap *286 pointed, in accordance with the directions of the co«rt, niel ant* ma‘*e their rePort containing an estimate of the reni^received by Beemis while he had the possession of the premises, but contained no estimate of the timber taken off the land by Beemis, their having, as they alleged in their report, no prooí produced to them of any definite quantity or value,
Altho’ it is usual to direct commissioner-, ap po ntsd to ascertain r nts, irr nrnvem’s, &c to report to the succeeding term yet if there be time there is no reason tvhy they Should not be order’d to report to the ter n of their appointment.
Bullock thereupon moved the court that some further day, between that and the next term, should be appointed, for the commissioners to go upon the land for the purpose of ascertaining the value of the timber taken off the land, by Beemis, and that they might amend their report accordingly; hut the court overruled the motion; to which Bullock excepted.
At the October term, Bullock applied for leave to file wbat he called a cross bill, containing no allegation, but calling upon Beemis to answer upon oath, if he had not bad, for several years past, the possession of ihe land in dispute, with sundry other interrogatories, and praying that Beemis might be compelled to deliver to him the possession This application was founded upon the affidavit of Bullock and that of another person. But the court overruled the application. to which Bullock excepted; and the court then proceeded to pronounce a final decree for the purchase money, which had been paid by Beemis, allowing to Bullock a credit for the amount of the rent, a3 estimated by the commissioners, and sixty dollars for the timber which bad been taken off the land by Beemis. From that decree Bullock has again appealed to this court
. The first and second exceptions taken by Bullock, involve tbe same question, (hat is, whether the circuit court erred in not giving further time for the commissioners tó make their estimate and report.
It is usual in practice, when commissioners are appointed to ascertain the amount of rents and improvements, to direct them to report to the succeeding term; but this is only matter of discretion with the court, and we are aware of no rule of'law or principle of equity which will be violated, by requiring the commissioners to report to the same term, where, from the circumstances of the case, there is reasonable time for them to do so. The dispatch certainly cannot be complained of, if injustice be not done, and there is nothing to shew that it ha9 been done in this case. There is no pretence to say, that the rent, reported by the *287 coBiteissidners, is hot sufficiently high. There was not even a suggestion in the court below to that effect; and with respect to the value of the timber which had been taken from the land by Beemis, there was no necessity for the commissioners to make a report. Bullock had himself selected a different mode of ascertaining it. When the cause was originally before the circuit court, he had fikd an amended answer by way of cross bill, alleging that Bee-mis had taken timber from the land for the use of his saw mill, and called upon Beemis to answer the charge and state the quantity and valut of timber he had so taken, Beemis. in his answer, admitted that he had taken timber, but not exceeding in value the amount of sixtv dollars; aud for that sum the circuit court, in their final decree, has ah .lowed Bullock a credit. lie can therefore have no just cause of complaint on that score. Paving adopted that mode of ascertaining the value of the timber, he must be concluded by it.
comV,ple,haga by c¡.oss b¡u' demanded a discovery of ^kted deft, & deft, !,*s “swer- ® •’ !|!fn “m* need not re* Pnrt as to waste‘
. £ vendee dor incapable of making a '⅝ mi'-.v>.cm S’vendor*1»-bandon poss-ssion; «or ⅛1'6 es!®Pt<* bsndonment and notice fl-om Purcl,a‘ ⅛"? claim° £T resuming
The only other question the case presents is, whether the circuit court erred in refusing Bullock leave to file what he «tiled a cross bill.
Passing over the ahsurdity cf filing a paper in the name of a bill, which contained no avetmenf or allegation, still we can perceive no reason for thinking the circuit court erred in overruling the application. It appears bv the affida-vils accompanying the paper in question, that after Beemis quit the possession of the land, it was for some timeoccu - pied hy a person who claimed no title, and afterwards by one who asserted claim; and that finally, after some years, Bremis purchased of another who asserted title, and in vir-tile of that purchase, took possession again. In doing so, we cannot believe that he acted contrarv to the principles ol good taith. As long as he continued in the possession which he bad obtained under Bullock, he was bound in good faith to hold it in the character he had acquired it; but when he found that Bullock had no till**, and could not comply with his contract, and lie had abandoned the possession which he had acquired under Bullock, and notified him of it, the connect-ion between them, derived from that possession, was dissolved, and the fealty which lie owed to Bollock as his tenant or quasi tenant, had ceased to exist. He could therefore he under no obligation to abstain from purchasing from any other who had acquired the possession, ■or had title, and cf course could be under i>o obligation to *288 surrender to Bullock the posSestioo thus obtained. By a* bandoning the-possession acquired under Buüock, and notifying hita cf it, he bad done all be could towards restoring the possession to Bullock; and if the latter would not take it, the fault was in him, and not in Beemis.
A purchaser buying with the full knowledge of a defect in the tit'e of properly, will not, for that defect, be permitted to come into e-quify for relief.
Bibb for appellant, C. Wickliffe contra.
The decree must therefore be affirmed with costs and damages.