Judge Robertson
delivered the opinion of the Court.
By ihe will of John Cummins; (proved in 1813) his home tract of land,inNelson county, containing 150 acres, was devised to his widow, Elizabeth Cummins, during her life, and to seven of his children! in remainder.
One of the devisees in remainder (Elizabeth jr.) waS an infant in 1819; and another (Anne) had died befóte 1819, leaving an infant natural child, her heir.
In February 1819, Elizabeth Cummins the widow; sold the tract thus devised, to William Boyle, for $2,-400, and executed a bond for a title thereto, by deed of* general warranty, on or before the 1st of October, 1819.
In September 1819, the widow and all those entitled to the remainder, excepting Elizabeth jr. and the infant of Anne, executed, acknowledged and delivered to Boyle a deed of general warranty, for the entire tract of land, for. the consideration of $2,400; which deed he accepted. He took possession t>f the land, and still retains the possession and use of it.
As soon as Elizabeth jr. attained legal discretion, shd conveyed all her interest in the same tract of land to Boyle, by deed, which he also accepted.
Boyle having failed to pay a part of the consideration, Mrs. Cummins obtained a judgment against him; and also against Bard, his security, for $400, in September, 1825.
In October, 1825, Boyle filed his bill in chancery,against Mrs. Cummins, to enjoin the said judgment, and to rescind the contract for the land, unless the interest of the infant heir, Anne Cummins, could be' conveyed to him. The injunction was granted, andón the final hearing, the contract and deeds for the land,were decreed to be rescinded, the injunction was perpetuated, and Mrs. Cunfimins directed to refund to *481 Boyle, the amount which had been received for the , j
To reverse this decree, this writ of error is prosecuted. '
The decree is erroneous for several reasons; 1st. There is a defect of parties. Beard ought to have been a party. This is too obvious to require argument or authority. Before the deeds could be cancelled, all those who were parties to them, and could be affected by the decree, should have been made parties to the suit. But. Mrs* Cummins is the only defendant. The decree is therefore indefensible on this ground. 2d. By accepting the deeds from Mrs. Cummins, and ail those in remainder, except the infant of Anne Cummins, Boyle is estopped from urging any defect of title, which existed at the dates of those deeds, and of which he then had notice. And without proof of fraud, or insolvency, his redress, if he shall be entitled to any,would be purely and exclusively legal. Findley’s executors vs. Lynch et al. 2 Bibb, 566.
For defect of title, the contract may, under sufficient circumstances, be rescinded, if it be executory. But if the conveyance be made and accepted, the vendee cannot resort to a court of equity for a recision, merely on the ground o.f a defect of title. Miller vs. Long, 3 Marshall, 335.
The defect in the titl.e is not of sufficient magnitude, to authorize a recision of the contract for that cause qlone. There is no proof or even allegation, that the interest of' one of those in remainder, can very materially affect the contract for the land; nor that a. knowledge of the impossibility of procuring that remote interest, would have had any influence, in preventing the purchase; nor that there is any peculiar reason for apprehending (or even that it is apprehended) that this, interest may not be obtained in due time; nor that Boyle has been, or is in danger of being disturbed iff the possession of the entire tract of land; nor that ins remedy at law, if it shall ever become necessary sort to it, will be inadequate to his full indemnity. Therefore, the defect of title being so minute, and comparatively unimportant, the contract, if yetexecu *482 tory, would not for that alope, be rescinded. Reynold’s vs. Vance, 4 Bibb, 213; M’Coun vs. Delany, 3 Bibb, 46. Sugdon on vendors, 183-5-6—9. Cates vs. Raleigh. 1 Monroe, 168.
Where land is held by several in common, or in joint tenancy, a purchaser could not be compelled to accept a deed, unless it should convey the interests of all: Because the right of any one, might interfere with the exclusive enjoyment, by the purchaser, of the interests conveyed to him, by the others. But in this case, the purchase was made, and the deeds accepted with full knowledge by Boyle, of the right of <he infant child of Anne Cummins. He was living in the neighborhood of the land; was well acquainted with Mrs. Cummins and her family; could have had accessto the will under which she claimed her right to the land, The manner in which she and her children held and derived title to the land, was notorious, among the neighbors generally; and, therefore, there can be no doubt, that Boyle had actual notice; if he had not, the law will imply notice; and it was his duty to examine the title, by doing which, he would have been led to the will. Besides, the will being on record in his county, he is presumed, in the absence of all other circumstances, to have known its existence and tenor. But even without these facts, the acceptance of the deeds from Mrs. Cummins, and six of her children, would certainly be sufficient evidence, that Boyle knew, that the children had some interest to convey. And it is positively proved, that he not only did know when he made the contract, that Anne Cummins had left an infant heir, but that, that heir was entitled to an eventual interest in the land which he was buying. These facts present another objection to the decree, and that is: 4th, That Boyle is not entitled to a recision of the contract, for any defect of title, of which he had notice, when he entered into the contract of purchase, Sugdon, 192-3; Craddock vs. Shirley, 3 Mar. 288. With the facts of this case confronting him, Boyle certainly presents himself before the chancellor with a bad grace, demanding a recision of a contract, for a defect in the title of which, he not only was bound by principles of law and equity, to have taken notice, but *483 of which hte had full, actual notice; hot only when he negotiated the purchase, biit when he accepted the deeds, and by receiving which, he waivted all right to demand a recision.
The alleged removal of MrS. Cummins from the fctate, cannot entitle Boyle tó a recision of the contract, if as already shewn, he is otherwise destitute bf pretence of right to demand it. The only effect which could result from the removal, would be; that under 'appropriate allegations and proof it might entitle Boyle to an injunction for the value of the infant’s interest in thte land until it should Be conveyed to him. But before it could have even this effect, it must appear that there would be no redress at law. If; therefore, Mrs; Cummins were the only person bound to Boyle for the title, or if the others were insolvent or inaccessible; the chancellor might interpose, to prevent an irreparable loss. But not only does neither of these indispensable facts appear; not only is neither, alleged or proved, but it is evident that suit at law, might be brought on thte covenant in the deeds; and it is to be presumed, that such suit would be availing, if Boyle has any right to damagtes. If he could not refcovef damages for breach of the covenant of warranty, “a fortiori,” he could neither rescind the contract nor enjoin any portion of thte judgment. Whether hte could recover for bleach of warranty, would be doubtful; He says that the bond for á title, is lost, and he has exhibited what he supposes from recollection, is a substantial copy. Whether it was lost is uncertain. It might be more probable, that the acceptance of the deeds, being understood to be an extinguishment of the bond, it was surrendered when the deeds were delivered. Whetherthis be so of not, itis very questionable; whether any suit could be maintained on the bond after the deeds were accepted; But if any could, and the bond were really lost; a suit at law, could be brought on the deeds, and the loss of the bond, would not therefore, give jurisdiction to the chancellor. And it iá proved by one witness, that he read the bond, and that it contained a provision that Boyle was to wait for the title of the infant, Elizabeth, until she should attain 21 years of age; This would not only, of itself, prove notice in fact of the nature' of the title; and a *484 waiver of a right to action for defect of title, by reason of Elizabeth’s interest, and temporary inability to eonVey, but would tend to evince an understanding, that the infancy and inability of the heir of Anne,should not produce any breach of the contract for the" title.-
Chapeze, for plaintiff; Hardin, for defendant.
These considerations, however, could be material, only, in a suit at law for damages.
Boyle having had knowledge of the nature of the title, when he made his contract, and having afterwards accepted deeds, and enjoyed the undisturbed occupancy of the land, Cannot be entitled to a recision-of the contract. And as he has complete and unobstructed fremedy at law, from any thing appearing in the case, he is not entitled to an injunction or any other relief in equity.
The decree of the circuit court is therefore reversed, and the cause remanded, with instructions to dismiss the bill, and dissolve the injunction, with costs and damages.