ROBERT RICH v. J. E. FERGUSON, ADMINISTRATOR.

1. MORE OR LESS.—The words "more or less" in a deed, in the absence of fraud or mistake, are taken as *prima facie* evidence that the parties to the deed intended to risk a gain or loss in the estimated quantity.
2. SALE OF LAND IN GROSS.—A deed for a tract of land described by metes and bounds, and of estimated quantity for a given sum, imports a sale in gross, and a much larger deficit in quantity would be required to evidence mistake than where the sale was by the acre.
3. PAROL EVIDENCE OF FRAUD IN SALE OF LAND.—While parol evidence of fraud in the sale of land is admissible, the unsupported testimony of one witness to conversations between the parties, in which the witness did not participate, should be received with great caution.
4. PRESUMPTION IN FAVOR OF JUDGMENT.—The action of the judge in deciding upon evidence, in the absence of a jury, is entitled to the same presumption in its favor that a verdict of a jury should have.

APPEAL from Collin.   Tried below before the Hon. W. H. Andrews.

Ferguson, as administrator of William Patterson, sued

Rich on a promissory note, and to enforce the vendor's lien upon a tract, 180 acres, of land. Defendant pleaded that the sale was fraudulent, in that Patterson falsely represented the tract to contain 180 acres, when it only contained 140 acres, which deficit Patterson well knew; that the consideration agreed to be paid for the land was at the rate of six dollars per acre. The value of forty acres at that price was set up as an offset. Defendant also pleaded in reconvention that Patterson had falsely represented to defendant that the well on the land was "of everlasting and living water," when in fact it only furnished water in wet seasons, setting up the sum of five hundred dollars damages difference in the value of the land with the well as it existed and as represented in the negotiations for the sale.

The plaintiff, in replication, alleged that the sale was by metes and bounds, which were well known to defendant, and was in gross, denying fraud.

A jury was waived, and judgment rendered for the full amount of the note, and ordering sale of the land. Rich appealed. The facts in evidence are sufficiently given in the opinion of the court.

*Throckmorton, Brown & Bro.*, for appellant, cited Mitchell *v.* Zimmerman, 4 Tex., 75; Smith *v.* Fly, 24 Tex., 349; O'Connell *v.* Duke, 29 Tex., 312; Young *v.* Craig, 2 Bibb, 270.

No briefs for appellee came to the reporters.

REEVES, ASSOCIATE JUSTICE.—In this case the matters in controversy between the parties, as well of facts as of law, were submitted to the court for decision, a jury being waived by the parties.

The plaintiff read in evidence the note sued upon and the deed from Patterson to Rich for the land therein described. The defendant admitted that the note was given for the balance of the purchase-money on the land.

The court rendered judgment for the plaintiff for the

amount of the note, and condemned the land to be sold to pay it.

The defendant resisted the payment of the note on two grounds: 1, because of a deficiency in the quantity of the land; and, 2, that Patterson falsely represented the well of water on the premises as a well of living and lasting water.

The deed recites that the tract "was estimated to contain one hundred and eighty acres of land, more or less." These terms in a deed do not prevent an inquiry into the fraud of the vendor in falsely misrepresenting the quantity of the land. When inserted without fraud or mistake, they are taken as *prima facie* evidence that the parties intended to risk "a gain or loss" in the estimated quantity. (McCoun *v.* Delany, 3 Bibb, 46; Young *v.* Craig, 2 Bibb, 271.)

There was no evidence that the sale was by the acre. The deed prescribes the land by metes and bounds, and imports a sale in gross. When the sale is by the acre, a less deficit will be taken as evidence of mistake than when the sale is in gross. (See cases above referred to, and O'Connell *v.* Duke, 29 Tex., 299; Weir *v.* McGee, 25 Tex. Supp., 31.)

In the last-cited case, of Weir *v.* McGee, the court said: "Where there has been an executed conveyance of the land by a particular description and with an enumeration of the quantity of acres, the latter is held to be matter of description merely, and cannot be deemed an implied covenant for quantity. But if an estate be sold by the acre, and there is a deficiency in the number conveyed, the purchaser will be entitled to an abatement of the price, or to compensation, if the price has been paid under a mistake."

There are cases in which it has been held that the deficiency was so great as to warrant the inference of fraud or mistake, and in such cases the purchaser has been relieved. This case does not, it is thought, belong to that class. As was said by the court in the case of O'Connell *v.* Duke, which was an action to recover the surplus, each case must depend upon its particular circumstances.

The fact that the land had been measured with a rope, as stated by one of the witnesses, and that he told Patterson that he thought the tract would fall short of one hundred and forty acres, by forty acres, may have induced Patterson to insert in the deed the clause, that the tract was estimated to contain one hundred and eighty acres more or less.

The only evidence tending to show that Patterson made any different statement as regards either the well of water or the quantity of the land, is the evidence of the witness Weddill. This witness stated that Patterson, at a time subsequent to the sale, rehearsed the contract between himself and Rich in the presence of the witness and other persons, and that he heard Patterson say that he had sold Rich one hundred and eighty acres of land, with a well of everlasting and living water on it.

The witnesses said that the well furnished water only during the wet season; that it had water in it for two years after it was dug, and did not go dry until after the sale to Rich.

It was not shown at what particular time the witness Weddill heard the conversation alluded to. The other persons who were present at the time the conversation occurred were not produced, nor their absence accounted for, or who they were. As remarked in the case of Hall *v.* Layton, 16 Tex., 275, "It is the evidence of a single witness swearing to a conversation, in which it does not appear that he participated, or that his attention was requested or in any particular way attracted. Such evidence, though competent, is always received with caution, and subject to severe scrutiny, because of the great probability of the witness being mistaken in part or not correctly understanding or correctly hearing the conversation, and the difficulty, if not impossibility, of disproving it."

We are not prepared to say that the decision of the court was contrary to the law and the evidence in the case. A jury being waived, and the cause submitted to the judge, his decision is entitled to all the presumptions in its favor that a verdict of the jury should have.

The ruling of the court on questions of evidence is not material to a decision of the case. The judgment is affirmed.

AFFIRMED.