## L. O. DARGAN & CO. v. M. F. ELLIS.

### No. 7018.

1.   **More or Less — Fraud.** — The use of the expression *more or less* in a contract should be accepted as strong evidence that the parties did not intend that an inconsiderable difference one way or the other should affect the transaction.   The use of the words does not prevent an inquiry into the fraud of the vendor for misrepresenting the quantity or number.

2.   **Material Difference—Fraud.**—Where a flock of sheep was transferred as part of a larger transaction, and when during the negotiations and in the bill of sale the number was given at 5000 while the price was $1.90 each, the vendor knowing or having the means of knowing the true number while the vendee relied upon the representations of the vendor, *held:*

1.   That in an action for damages by the vendee the deficiency in number of 599 could not be regarded as immaterial or covered by the expression more or less.

2.   The plaintiff had a right to sell what he had received and sue for the deficiency.

3.   Upon the facts shown plaintiff should recover the contract value of the 599 not delivered.

APPEAL from La Salle.   Tried below before Hon. D. P. Marr. The opinion states the case. .

*Lane & Mayfield,* for appellants.—1. A party defrauded in a contract has his choice of remedies. He may stand to the bargain and recover damages for the fraud, or he may rescind the contract and return the thing and receive back what he paid. Blythe v. Speake, 23 Texas, 430; Rauth v. Caron, 64 Texas, 290; Mitchell v. Zimmerman, 4 Texas, 75; Fisher v. Mellen, 103 Mass., 506; Savage v. Stephens, 126 Mass., 207; Ins. Co. v. Reed, 33 Ohio St., 283; Grahan v. Noulin, 54 Ind., 389; Ranson v. Hagar, 48 Iowa, 269; Hazord v. Irvine, 18 Pick. (Mass.), 95; Hammate v. Mierson, 27 Me., 308; Doggett v. Emerson, 3 Story C. C., 733; Gumby v. Sluter, 44 Md., 337.

2. The court erred in its second subdivision of its conclusions of law and fact, wherein it found that the number of sheep was not a material inducement or consideration of the trade.

3. The court erred in not rendering judgment for the plaintiffs against the defendant, from the facts and law of this case, for 599 head of sheep at $1.90 per head.

*R. B. Green, John A. & N. O. Green,* for appellee.—1. The court did not hold this case a suit for the rescission of the contract, but held that the appellants could not recover damages in an action for deceit.

2. This was an exchange of property, whereby one lot of property was given for another lot without regard to any particular or exact value of either.

3. In this exchange of property the exact amount or number was not a material inducement to the trade, and neither party to the contract received the amount represented.

4. There was no warranty made to appellants by appellee, and parol evidence should not be allowed to establish a guaranty. Roberts v. Short, 1 Texas, 373; Epperson v. Young, 8 Texas, 135; Callison v. Gray, 25 Texas, 85; Belcher v. Mulhall, 57 Texas, 17; Wooters v. Railway, 54 Texas, 294; Bruner v. Strong, 61 Texas, 555.

5. The conclusions of the court below upon matters of fact will not be disturbed unless clearly contradictory to the evidence. Briscoe v. Bronaugh, 1 Texas, 340; Gillard v. Chessney, 13 Texas, 337; McFarland v. Hall, 17 Texas, 676; Mathis v. Oberthier, 50 Texas, 329; Flanagan v. Oberthier, 50 Texas, 379; Stone v. Brown, 54 Texas, 330; Lindsay v. Jaffray, 55 Texas, 640.

HENRY, ASSOCIATE JUSTICE.—This was a suit for damages brought by appellants. The petition charged that in consideration of a stock of merchandise and some other property estimated in the transaction at the value of $15,000 and plaintiffs assuming debts of the defendant amounting to $25,000 the defendant sold to plaintiffs 16,000 acres of land and 5000 head of sheep. The petition charges that the sheep were estimated in the transaction at the value of $1.90 each; that they were

in the possession of the defendant, who knew what number of sheep there were in the flock; that plaintiffs did not know and did not then have the means of ascertaining otherwise than by the representations of the defendant what number of sheep there were, and that they made the exchange relying upon the representations of the defendant; that their belief that the flock contained as many as 5000 head was a material inducement to their agreeing to the exchange of properties, and that there were in fact only 4164 head of sheep. The defendant executed a bill of sale of the sheep, which plaintiffs attached as an exhibit to their petition, in which the sheep were referred to as being then on a certain ranch and as "5000 head of sheep, more or less," describing the marks of the sheep. The defendant answered denying that he had been guilty of any deceit in the transaction or that he had warranted the number of the sheep. The case was tried without a jury and judgment was rendered for the defendant.

The agreement transferring the sheep to plaintiffs was executed on the 18th day of March, 1886, and the original petition in this cause was filed on the 29th day of October in the same year.

The judge filed conclusions of fact substantially as follows: That the defendant represented to plaintiffs at the time of the exchange that the flock contained 5000 head of sheep, when it in fact contained 599 head less than that number; that the defendant either knew or ought to have known at the time of the trade that such deficiency existed; that at the final consummation of the contract the sheep were not put in at any certain sum per head, but in gross, the land and sheep being estimated together at a total value of $40,000; that the deficiency in the number of sheep was not a material inducement to the trade; that while it was the understanding of the plaintiffs that the defendant agreed to warrant the full number of 5000 head, they did not hazard the excess, if there should be such, or warrant either the amount or value of their property given in exchange.

The court's findings of law were in substance as follows: "1. That there was a want of mutuality as to the guaranty of the number of sheep, as the plaintiffs did not hazard the excess; that the trade was an exchange of the flock "more or less,' though plaintiffs in fact expected to get fully 5000 head of sheep. 2. That the plaintiffs, after they discovered the deficit, having transferred the property to a third party without any demand on defendant for rescission or compensation, and having delayed still further such demand for an unreasonable time under the circumstances of the case, must be held to have ratified the original contract as a whole, and thereby waived all right to rescind the contract or to claim damages for the deceit."

Appellants contend that the court committed errors in the following particulars: "1. In holding this case as a suit for the rescission of the contract, when in fact it was an action for deceit and damages. 2. In

concluding, as a fact, that the sheep were not estimated at any certain sum per head, but in gross.   3. In finding that the number of the sheep was not a material inducement or consideration of the trade.   4. In not rendering judgment for plaintiffs for 599 head ·of sheep at $1.90 each."

There is in the record much evidence that in the negotiations preceding the trade the defendant stated that there were 16,000 acres of land and at least 5000 head of sheep, and that the land was estimated at $2 per acre and the sheep at $2 per head, but that finally the price for the whole was reduced to the sum of $40,000.   Upon these points we find nothing in the record materially to the contrary.

We do not think that the first objection is sustained by the record. On the contrary, the court decided that the facts did not authorize a judgment for damages in favor of the plaintiffs on account of the misrepresentation about the number of sheep.   On an issue arising out of ·a sale of land this court said, in the case of Rich v. Ferguson, 45 Texas, 398, that the words "more or less do not prevent an inquiry into the fraud of the vendor for falsely misrepresenting the quantity of the land. When inserted without fraud or mistake they are taken as prima facie evidence that the parties intended to risk a gain or loss in the estimated quantity."   The use of the expression should no doubt be accepted as strong evidence that the parties did not intend that an inconsiderable difference one way or the other should affect the transaction.   It is difficult to conclude, however, that in a sale of animals, and when the consideration received by one party is in direct proportion to their number, so great a deficiency as the one found by the court to have existed in this case should be treated as immaterial.

The evidence being that in all of the negotiations preceding the trade the sheep were estimated by their number and not in bulk, and that the defendant was positive in his assertions that there were at least 5000 head of them, and that he knew the statements were materially incorrect and misleading, we think the plaintiffs established their right to recover for the deficiency in the number of sheep.   With the knowledge of the defendant the plaintiffs were receiving in the exchange of properties 599 sheep less, and at the price placed upon them $1138.10 in value less than they believed they were getting.   The plaintiffs had the right to hold and dispose of what they received and to seek compensation for the number of sheep less than 5000.

There was no want of diligence in the institution of their suit.

The judgment will be reversed and rendered for said sum, with interest at the rate of 8 per cent per annum from the date of the bill of sale for the sheep.

*Reversed and rendered.*

Delivered May 26, 1891.