### REUBEN SHAVER v. CHARLES TINSLEY.

Delivered May 19, 1897.

**Public Lands—Detached Section—Presumption.**

The fact that a section of land which is now public land shows no evidence of previous occupation—which is sufficient proof that it has not been sold under the Act of 1887 or 1889, allowing sales only to settlers—does not overcome the presumption in favor of an award of an adjoining survey, by the Commissioner of the General Land Office, under the Act of 1889, that such survey was isolated or detached at the time of such award, as such section may have been sold under some other act, and subsequently forfeited to the State.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*J. W. Campbell* and *J. M. McCord,* for appellant.

*Jones & Garnett,* for appellee.

JAMES, CHIEF JUSTICE.—In 1892 A. B. Langerman was awarded a certain survey of 320 acres of public land in Harris County classified as grazing land, he making the necessary cash payment and obligation to the State. His title passed to Charles Tinsley, who in November, 1893, sold the tract to appellant for $500 in cash, a note for $476, due April 1, 1894, and an assumption of the Langerman debt to the State for $624. When Langerman purchased in 1892, the 320 acres survey adjoined a State section of 640 acres, which was sold in 1895 to one Quinn, an actual settler thereon. It was shown that neither of the tracts had previously been occupied.

Shaver, upon buying the 320 acres, moved upon it with his family. In February, 1894, after Shaver's purchase from Tinsley, Shannon & Co., land agents at Houston, who had negotiated the sale, undertook to have

the land secured to Shaver as an actual settler. Whether this was done of their own motion, or at request of Shaver, is, we think, immaterial, as we view the case. The purpose of doing this was, as Shaver testifies, to avoid any possible controversy about the title, and, as testified to by one of the firm of Shannon & Co., to put his title beyond question, in the event it should be found that the land sold was not a detached tract.

No charge was made by Shannon & Co. against Shaver for their services, and they testify that they acted as agents of Tinsley. They did what was demanded by the Commissioner of the General Land Office to that end, and obtained and filed for that purpose, in the Land Office, relinquishments from both Shaver and Tinsley to the State of all interest they had to the land, together with the title papers connected with the Langerman claim, and other documents, which resulted in the cancellation of the claim by the Commissioner on March 22, 1894. Thereupon they had Shaver file his application to purchase, and the land was awarded to him on April 16, 1894, he making the necessary payment and executing his obligation to the State. On April 28, 1894, Shaver paid $400 and the interest on the note he had given to Tinsley, and executed a new note for the balance of $76, upon which a judgment was afterwards recovered.

This suit was brought by Shaver against Tinsley and the members of the firm of Shannon & Co., and against Langerman, to recover the moneys he had paid in the purchase, and for a cancellation of the aforesaid judgment. The judgment of the District Court was against him, and he appeals.

A question raised is, whether or not the sale to Langerman was in contravention of the provisions of the Acts of 1887 and 1889, restricting the sale of public lands to actual settlers. It is claimed by appellees that the sale was authorized, because the tract was less than 640 acres, under the clause in section 22 of the Act of 1889, which reads: "And all sections or fraction of sections in all counties organized prior to the first day of January, 1875, except El Paso, Pecos, and Presidio counties, which *sections* [the italics are ours] are detached and isolated from the public lands, may be sold to any purchaser except to a corporation, without actual settlement," etc.

The contention is, that under this clause tracts less than a section of 640 acres need not be detached or isolated, to admit of their being sold to any person; in other words, that it is only sections of 640 acres that need be isolated in order to be thus sold. We find it unnecessary to decide this question. We may assume for the purposes of this case that the clause refers to both sections and fractional sections.

It devolved upon the plaintiff to establish his right to recover by proof that the 320-acre tract was not isolated or detached land when sold. The fact relied on as sufficiently showing this is that the section bought by Quinn in 1895 showed no evidence of previous occupation. This we recognize as proof that the Quinn section had not previously been sold under the Acts of 1887 or 1889, which allowed sale only to settlers. But we think it fails to establish that in 1892, when Langerman bought the

320 acres, it adjoined a section of public land, and this being so, we are of opinion that this case is not subject to the rule applied in Lamb v. James, 87 Texas, 485.

It is observed that the Commissioner of the General Land Office awarded the 320 acres to Langerman as detached land. A presumption of regularity attaches to the official acts of such officer, and in favor of his having acted as his duty and the law required. Olcott v. Gabert, 86 Texas, 121; Jones v. Muisbach, 26 Texas, 236; Arbuckle v. State, 81 Texas, 194. He will not be presumed to have violated his duty.

On the theory that the Commissioner had the power to sell to any person tracts of less than 640 acres, without reference to their situation as to other public land, the sale to Langerman conveyed an interest in the land. On the theory that he had not such power, and that such a tract must be isolated or detached from other public land, he was empowered to sell to Langerman, provided it was in fact so detached. It certainly can not be presumed against his act that the survey was not detached in 1892.

The fact that the section adjoining was public land in 1895, and that it had not been actually occupied previously, proves nothing more than that it had not been sold under the Acts of 1887 or 1889. It may nevertheless be a fact that it had been sold under previous acts, and thus segregated from the public domain and forfeited to the State after Langerman's purchase of the 320. If such was the fact, it would have made the 320 acres an isolated tract when it was sold. Faulk v. Byerly, 37 S. W. Rep., 984.

Such state of facts should be presumed in favor of the official act of the Commissioner, in the absence of any fact or circumstance in the record tending to show the contrary. Briscoe v. Cuney, 38 S. W. Rep., 399. Without some such testimony, the want of power in the Commissioner to sell the tract is not made to appear, and therefore plaintiff has failed to show that the sale was void.

These views dispose of the case in favor of the judgment, and it is affirmed.

*Affirmed.*