**BRYANT et vlr. v. McMURREY.**

No. 13951.

Court of Civil Appeals of Texas. Dallas.

Jan. 7, 1949.

D. A. Frank and D. A. Frank, Jr., both of Dallas, for appellants.

J. N. Saye, of Longview, for appellee.

BOND, Chief Justice.

This appeal is from a judgment sustaining appellee's plea of privilege to be sued in Gregg County, Texas, the county of his residence, as against the appellants' controverting affidavit that venue lies in Dallas County where the suit was filed perforce of Secs. 5, 13, 14, 15 and 16, Art. 1995, Vernon's Ann.Civ.Sts.

Appellants contend that the suit to which the plea of privilege is directed has for its purpose the enforcement of a certain judgment rendered against appellee on November 25, 1942, by a District Court of Dallas County, wherein appellant Loraine Bryant (formerly Loraine McMurrey) was granted a divorce and property right settlement as per written contract entered into by the parties on October 30, 1942 and which was approved and directed by the judgment to be carried into effect. The contract was wholly embodied into the judgment, became a part thereof, and the parties thereto divided their estate in accordance therewith.

The contract, pertinent to the issues here and the basis of appellants' suit, deleting all parts not essential to this appeal, provides: "VI. The express intention of the executing parties is to so divide the prop-

erties referred to as to vest in the plaintiff Mrs. Loraine McMurrey the properties, real and personal covered by this agreement, free and clear of all liens and obligations which may now be against said properties or parts thereof. It is further agreed that neither the plaintiff Mrs. Loraine McMurrey nor the properties, real, personal or mixed which are to be conveyed or assigned to her by reason of this agreement, is liable for any debts, obligations, charges, liens, which are or may be outstanding against said parties or either of them or against the properties to be assigned and/or conveyed to plaintiff Mrs. Loraine McMurrey, but the same are to be wholly assumed by the defendant Jim McMurrey. For the purpose of avoiding all ambiguity it is agreed that the defendant Jim McMurrey shall pay all taxes of every nature which are chargeable against all properties assigned or conveyed herein, throughout the year 1942."

On December 15, 1947, the Collector of Internal Revenue, Second District of Texas, at Dallas, assessed and issued against Mrs. Loraine McMurrey a certificate of assessment covering delinquent revenue account for the years 1940, 1941 and 1942 of various amounts, and issued notice to the said taxpayer that a lien attached to her property, some of which was located in Dallas, for the payment of the taxes. These taxes were subsequently paid by Mrs. McMurrey, and perforce of the aforesaid contract and judgment she bases her suit against appellee to recover the contribution to the Revenue Department and the incidental expenses in reference thereto. Appellants seek to recover judgment for a debt against appellee not in esse on date of contract or the judgment. Such was not involved in the aforesaid divorce; an unlitigated matter arising subsequent to the rendition of such judgment. Manifestly the relief sought in the instant suit could be awarded by any other court of competent jurisdiction. To uphold the contention of appellants that their suit is designed to enforce the judgment would be to permit them to litigate new issues and controversies not mentioned or attempted to be adjudicated in the prior judgment. It seems not to have been known by the contracting parties. The fact of the existence of the judgment, approving, confirming and adopting the contract as affects the property rights of the parties, and, too, a reasonable interpretation of the contract implying enforcement of its terms as against the alleged claim, if true, which we do not here determine, does not confer venue against the debtor outside the county of his residence. The judgment in that suit calls for no action on the part of the court or its officers; it is merely declaratory; true, indeed ,binding on the parties thereto in the same manner and to the extent as the contract; affording no better ground for venue in Dallas County than the contract itself would have conferred independent of the judgment.

It is neither alleged nor contended here that appellee "contracted in writing to perform an obligation" in any particular county as required by subdv. 5 of the Venue Statute, other than inferences drawn from the above recited covenant in the contract; and, certainly, appellants' suit is not one for partition, title or breach of title to land, or an action for divorce, to confer venue in Dallas County under subdvs. 13, 14, 15 and 16 of the Venue Statute. It is our opinion that appellants' suit is an independent action for debt based upon the contract and breach thereof, claiming that appellee assumed and agreed, perforce thereof, to pay the taxes assessed and paid by appellants accruing during the years prior to the date of the contract and judgment, not taken into account by the contracting parties. Whether or not appellee is liable, is a matter yet to be determined. The appellee is entitled to be sued in the county of his residence; the judgment of the court below is affirmed.