**SLAGLE v. CLARK.**

No. 6119.

Court of Civil Appeals of Texas. Amarillo.

Feb. 5, 1951.

Rehearing Denied March 12, 1951.

James W. Witherspoon, Hereford, for appellant.

Richards & Richards, Dalhart, for appellee.

LUMPKIN, Justice.

This is an appeal from an order overruling a plea of privilege. The appellant, Roy T. Slagle, a resident of Parmer County, Texas, contracted in writing to sell and convey to appellee, Earl A. Clark, 874 acres of Dallam County land. The contract provided that the deed to the property should be delivered, the cash paid and the notes and mortgage executed at the office of the W. H. Lathem Land Company located in the City of Dalhart, Dallam County. The appellee paid for the land at

the rate of $40 per acre, and the appellant delivered to the appellee his warranty deed to 874 acres of land, more or less. Subsequently, the appellee had the land surveyed. The survey showed a shortage of 50.46 acres.

The appellee filed this suit against the appellant in the district court of Dallam County to recover $2,018.40, the sum he had paid for the 50.46 acres. The appellant filed a plea of privilege to be sued in Parmer County. The appellee filed a controverting affidavit in which he alleged that the appellant had perpetrated a fraud on him in Dallam County and insisted that the court had venue to try the cause under Subdivision 7, Article 1995, Vernon's Annotated Civil Statutes. He also alleged that the contract between the parties was to be performed in Dallam County and for that reason venue was to be maintained in that county under Subdivision 5, Article 1995. Trial was before the court without the intervention of a jury, and resulted in an order overruling the appellant's plea of privilege. To this action of the court the appellant has perfected this appeal.

The requisites of a plea of privilege are set forth in Rule 86 as amended, Texas Rules of Civil Procedure. Under this rule a plea of privilege is prima facie proof of the appellant's right to a change of venue unless the appellee shall file a controverting plea, under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending. As against the appellant's plea of privilege, the burden was upon the appellee to plead as well as to prove the facts necessary to confer venue on the district court of Dallam County.

Subdivision 7 of Article 1995, reads in part as follows: "Fraud and defalcation.— In all cases of fraud, * * * suit may be brought in the county where the fraud was committed * * *."

In order to maintain venue in Dallam County the burden was on the appellee to introduce evidence sufficient to constitute prima facie proof of a cause of action arising within exception 7 of the venue statute. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747; Pool v. Joy, Tex.Civ.App., 61 S.W.2d 581. That is, the burden was on the appellee, to prove a fraud had been committed in Dallam County, that an inducing representation had been made, and that the representation was false. Benson v. Jones, 117 Tex. 68, 296 S.W. 865; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Vick v. Duggan, Tex. Civ.App., 143 S.W.2d 1010.

The only witness at the hearing on the plea of privilege was the appellee himself. He stated that the appellant's agent, W. H. Lathem Land Company, had shown him the land located in Dallam County for which he paid the appellant $40 an acre. He said that he thought he was buying 874 acres of land. He testified that he purchased the same tract of land, containing the same number of acres, as the appellant had purchased from his predecessor in title. The record reveals that the contract of sale entered into between the parties describes the tract of land in this manner: "All that part of Section 50 and that part of Section 44, Block 1, B & B, being all of these sections that lay south and east of the C. R. I. & P. R. R. Company in Dallam County, Texas. And being 867 acres more or less as the abstract and last survey shall show. The buyer agrees to pay for the actual acreage at $40 per acre the seller to reserve all growing crops. And that part of Section 45 laying southeast of the railroad."

According to the record, that portion of Section 45 named in the contract contains about nine acres. The appellee pleads, therefore, that the appellant represented the tract of land as containing 874 acres of land. Further, the record reveals that the deed which was given the appellee and executed by the appellant and his wife describes the land as follows: "All that part of Sections numbers Forty-four (44), Forty-five (45) and Fifty (50), Block 1, Brooks & Burleson Original Grantee in Dallam County, Texas, lying South and East of the right of way of the C. R. I. & P. R. R. containing 874 acres of land,

more or less." The appellee admits that the abstract to the land was examined and approved by his attorney.

It is the appellant's contention that no false representation as to the number of acres of land contained in the tract was made by him to the appellee. He insists that the words "more or less" were sufficient to make the sale of the land one in gross rather than a sale by the acre.

■ Our courts have held that the words "more or less" when used in a deed indicate a sale in gross, unless there was an understanding qualifying or defining these words.

In the case of Watson v. Cline, Tex. Civ.App., 42 S.W. 1037 ,1038, the deed describes the land as 255 acres, more or less. The price of the land was $43 per acre. Although the parties agreed that the tract of land contained 255 acres, when the deed was executed the words "more or less" were written in the deed after the number of acres. Later the buyer found that the tract contained only 247 acres. He called upon the seller to make good the shortage in acres. The seller refused. The buyer brought suit to recover $344, alleging that the tract was purchased at the rate of $43 per acre and that there was a shortage of eight acres. In its opinion the court said: "The words 'more or less,' when contained in a deed following the description of the land conveyed, have a legal import. It was the duty of the court to construe the deed, and to tell the jury the legal import of the deed. Weir v. McGee, 25 Tex.Supp. [20] 30. The deed upon its face indicates a sale in gross, and not by acre. Bellamy v. McCarthy, 75 Tex. 294, 12 S.W. 849."

This holding was followed by the Supreme Court in the case of Wooten v. State, 142 Tex. 238, 177 S.W.2d 56, 58, wherein the court said: "Usually the words 'more or less' in a deed are added to an estimate of the quantity of the land following a particular description. So used they are a part of the description, qualifying the statement of quantity, and they contribute little or nothing toward identi-

fying the land. Weir v. McGee, 25 Tex. Sup., 20, 21; Troy v. Ellis, 60 Tex. 630. But the words 'more or less' thus used in a deed are not without legal import. If inserted without fraud or mistake, they are taken as prima facie evidence that the parties intended to risk a not unreasonable gain or loss in the estimated quantity. Rich v. Ferguson, 45 Tex. 396, 398; Smith v. Fly, 24 Tex. 345, 76 Am.Dec. 109; Watson v. Cline, Tex.Civ.App., 42 S.W. 1037."

In the case of Watson v. Cline, supra, the parties agreed upon a price of $43 per acre. Nevertheless, the court held that such an agreement did not make it a sale by the acre, but on the contrary the court held that the deed showed the sale to be one in gross because the words "more or less" were used. In the case at bar the appellee did not plead and the evidence does not reveal that the words "more or less," contained in the contract and in the deed, were inserted there by the appellant through fraud or mistake. We believe that the appellee knew at all times that the words "more or less" were contained in both the contract and the deed. There is nothing in the pleadings or the evidence which would indicate that the parties intended to limit or qualify the meaning of the words "more or less" as they are used in the contract and deed.

In the early Texas cases it was held that, where the buyer relied thereon, a vendor may be liable for misrepresentations as to the acreage of land sold under a deed evidencing a sale in gross. Farris v. Gilder, Tex.Civ.App., 115 S.W. 645. In later cases, however, it was held that an action for fraud or mistake as to the acreage does not exist, unless the sale was by the acre and not in gross. Briley v. Hay, Tex.Civ.App., 13 S.W.2d 997.

In some jurisdictions such qualifying expressions in deeds as "about," "approximately" and "more or less" will not preclude recovery for fraud where there is a large discrepancy between the actual acreage and the represented acreage. Seymore v. Rice, 94 Ga. 183, 21 S.E. 293; Arrowsmith v. Nelson, 73 Wash. 658, 132.

P. 743. In one jurisdiction this discrepancy has arbitrarily been fixed at 10 per cent or more. Piney Oil & Gas Co. v. Allen, 235 Ky. 767, 32 S.W.2d 325; Beckley v. Gilmore, 192 Ky. 744, 234 S.W. 459. Also see Rich v. Ferguson, 45 Tex. 396. In this case a large discrepancy is not shown: The shortage of 50.46 acres is less than 10 per cent of the total number of acres in the tract of land.

From what we have said, it is evident that this was a sale of land in gross. There was no misrepresentation as to the number of acres in the tract of land. The appellee failed to introduce evidence of sufficient probative value to support the implied finding of the trial court that the appellant made false representations to the appellee in Dallam County. In our opinion the appellee has failed to discharge the burden of proof necessary to maintain venue in Dallam County under Subdivision 7, Article 1995.

Nor, in our opinion, may the appellee maintain venue in Dallam County by virtue of Subdivision 5, Article 1995, which reads: "Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Before this case may be properly brought under the above exception to the general venue statute, the suit must be to enforce a particular obligation, which the contract requires to be performed in Dallam County. In the case of McKinney v. Moon, Tex.Civ.App., 173 S.W.2d 217, 218, the court said: "The authorities, we think, well establish this proposition applicable and controlling here: that under Exception 5 to the general rule of venue, it is immaterial that some obligations imposed by a written contract are required to be performed by one or the other party in a particular county; the material and controlling fact being that the particular obligation sought to be enforced by the suit is required by the contract to be performed in a particular county expressly named." To the same effect see: Cunningham v. Allison, Tex.Civ.App., 202 S.W.2d 297, 298; Bryant v. McMurrey, Tex.Civ. App., 216 S.W.2d 999; Bender v. Kowalski, Tex.Civ.App., 13 S.W.2d 201, 202.

In his brief the appellee admits that this is not a suit to enforce any particular provision of the contract but contends that the issues involved in this case arose by reason of that contract. He seeks to maintain venue in Dallam County by that portion of Subdivision 5, which reads "or by reason of such obligation." He insists that these words materially broadened Subdivision 5. In 1935 the State Legislature re-wrote this portion of Subdivision 5 and added the words referred to above.

In speaking of the change made in Subdivision 5 and its effect on this portion of the venue statute, the court in the case of Southwestern Peanut Growers Ass'n v. Kendrick, Tex.Civ.App., 183 S.W.2d 1019, 1020, said: "The manifest purpose of the changes was not to enlarge the operation of exception 5, but rather to restrict it. Before the amendment, it was well recognized that if the provisions of a written contract necessarily implied that an obligation, which it imposed upon a party, should be performed in a particular county, the other party could sue to enforce such obligation in that county."

This suit is not to enforce any obligation set forth in the contract, and therefore venue cannot be maintained in Dallam County under Subdivision 5.

The order of the trial court overruling the appellant's plea of privilege is reversed and judgment is here rendered; the case is ordered transferred to the district court of Parmer County.