Vorwerk v. First American Bank 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-300-CV

        HARVEY R. VORWERK, ET UX.,
                                                                              Appellants
        v.

        FIRST AMERICAN BANK,
                                                                              Appellee
 

From the 361st District Court
Brazos County, Texas
Trial Court # 39,446-361
                                                                                              

O P I N I O N
                                                                                              

          This is an appeal from the granting of a summary judgment in a breach of contract case. 
Harvey and Jane Vorwerk through seven points of error raise two issues on appeal: (1) the trial
court erred in granting summary judgment for First American Bank because its sole affidavit was
not based on personal knowledge; and (2) the trial court erred in amending its final judgment more
than thirty days after denying the Vorwerks' motion for new trial. We affirm in part and vacate
in part.
          In December 1991, First American Bank entered into an agricultural lease agreement with
Harvey Vorwerk leasing approximately 702 acres of land for one year. The rent was to be paid
in two equal installments. In October 1992, the lease agreement was amended to include Jane
Vorwerk as a lessee. In addition, the lease was extended for one more year consisting of two
additional rent installments. The Vorwerks possessed the land and produced cotton on the
premises for the duration of the lease-term. The Vorwerks failed and refused to pay the last
installment on failure of consideration grounds; specifically, that First American had failed to
actually lease 702 acres to them as provided in the lease agreement. First American filed suit to
recover the last rent installment plus reasonable costs and attorneys' fees. The Vorwerks filed a
counterclaim alleging that First American had engaged in deceptive trade practices in negotiating
the amended lease agreement with them. The trial court granted summary judgment in favor of
First American on both the breach of contract claim and the Vorwerks' counterclaim.    In their
first through fifth points of error, the Vorwerks complain that the trial court erred in granting First
American's motion for summary judgment because First American presented incompetent
summary judgment proof in support of their motion. In particular, they allege that an affidavit
filed by First American was incompetent because the affiant, Assistant Vice-President, Fran
Phillips, lacked personal knowledge of the facts to which she swore. Similarly, the Vorwerks in
their seventh point complain the trial court erred in dismissing their counterclaim against First
American because the court relied upon this same affidavit which, as indicated above, the
Vorwerks maintain constituted incompetent summary judgment proof.
          In the affidavit, Phillips swore that she had been personally involved in First American's
attempts to collect from the Vorwerks the final installment of the lease agreement and that she had
personal knowledge of the facts set forth in the summary judgment documents submitted by First
American. She further related the history of the lease agreement and how the Vorwerks allegedly
"enjoyed possession of the Leased Premises and planted, cultivated, and produced cotton on the
Leased Premises for the duration of the lease terms." The Vorwerks complain that Phillips had
no personal knowledge of whether the Vorwerks actually occupied the entire 702 acres and,
therefore, her affidavit was insufficient to support the court's granting of First American's
summary judgment.



          One of the arguments First American made to the trial court in support of its motion for
summary judgment was that, while the actual acreage of land may not have been actually 702
acres, it was close enough. See Dargan v. Ellis, 81 Tex. 194, 16 S.W. 789, 790 (1891). First
American contended that the original lease agreement provided for "approximately 702 acres,
more or less" and that the amended lease delineated "approximately 702 acres of land" to be used
by the Vorwerks. In support of its theory, First American submitted a letter dated October 20,
1993, from Fran Phillips to the Vorwerks informing them that a map used by the Vorwerks in
determining the location and size of the property at issue incorrectly included a parcel of property
owned by a third party but that this error was inconsequential because the lease agreement
correctly described by metes and bounds the actual parcel leased to the Vorwerks. In the letter,
Phillips further stated that the size of the parcel, as determined by two appraisers and the deed,
was at least 696.47 acres.


 The trial court may have relied upon this theory of the case in granting
summary judgment in favor of First American; yet, this theory required no personal knowledge
on the part of Phillips concerning the facts of the case other than the October 20, 1993, letter, of
which she, of course, had personal knowledge.
          Another theory argued by First American was the Vorwerks' alleged waiver of their failure
of consideration defense by paying three of the four installment payments. See City of Houston
v. Lyons Realty, Ltd., 710 S.W.2d 625, 629 (Tex. App.—Houston [1st Dist.] 1986, no writ). 
First American similarly did not rely on any of the statements made by Phillips in her affidavit in
support of this theory. First American referred only to the two lease agreements, themselves, and
the Vorwerks' admission in discovery that they had paid the first three installments to argue that
the Vorwerks thereby waived their complaint against paying the fourth installment.
          We do not mean to suggest that either of these theories was necessarily valid. What we
are saying is that the Vorwerks bore a duty to demonstrate to this court not only that the trial court
erred in relying on Phillips' affidavit but that such reliance resulted in the trial court erroneously
rendering summary judgment in favor of First American. Tex. R. App. P. 74(f); see City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 677 (Tex. 1979); Maranatha Temple, Inc.
v. Enterprise Products Co., 893 S.W.2d 92, 106 (Tex. App.—Houston [1st Dist.] 1994, writ
denied); Ferguson v. DRG/Colony North, Ltd., 764 S.W.2d 874, 887 (Tex. App.—Austin 1989,
writ denied). The Vorwerks' failure to present to this court any argument that the trial court relied
upon the facts contained in Phillips' affidavit in granting First American's motion for summary
judgment necessarily results in a waiver of their complaint against the adequacy of the Phillips
affidavit. Therefore, the Vorwerks' first through fifth points of error are overruled. Moreover,
because their seventh point of error is derivative of their first through fifth, we also overrule it.
          In their sixth point of error the Vorwerks raise the second issue on appeal in this case:
whether the court erred in amending its final judgment more than thirty days after denying the
Vorwerks' motion for new trial. The trial court's summary judgment order, signed on June 14,
1994, made no provision for the awarding of attorneys' fees to First American, and it contained
a "Mother Hubbard" clause that expressly denied all relief not granted therein. On July 8, 1994,
the Vorwerks filed a motion for new trial. First American filed a response on July 19 wherein it
additionally requested that the trial court grant it attorneys' fees. The court denied the Vorwerks'
motion on August 16. On August 25, First American filed a motion, the sole purpose of which
was to raise again the issue of attorneys' fees. On September 23 the Vorwerks filed an objection
to the motion, and an September 28, 1994, the trial court signed a second amended judgment, this
time awarding attorneys' fees to First American.
          It is well-settled that a judicial error cannot be corrected by a judgment nunc pro tunc. 
Finlay v. Jones, 435 S.W.2d 136, 138 (Tex. 1968) (orig. proceeding). A trial court has plenary
power to reverse, modify, or vacate its judgment at any time before it becomes final. Tex. R.
Civ. P. 329b; Mathes v. Kelton, 569 S.W.2d 876, 878 (Tex. 1978). However, once the trial
court's plenary power ceases, the judgment can only be modified in the case of a clerical error.
See Tex. R. Civ. P. 316, 329b; Andrews v. Koch, 702 S.W.2d 584, 585 (Tex. 1986).
          In cases where all parties have timely notice of the court's final judgment, a trial court's
plenary power extends at the most to 105 days after the signing of the judgment. L.M.
Healthcare, Inc. v. Childs, 920 S.W.2d 286, 288 (Tex. 1996); see Tex. R. Civ. P. 329b. The
court signed its second amended final summary judgment on September 28, 1994, 106 days after
it signed the live summary judgment order in the case. Therefore, unless the second amended
judgment only corrected clerical errors in the previous judgment, the September 28 order was
ineffective.
          The second amended judgment did not correct a clerical error. The record reflects that
attorneys' fees were specifically denied at the hearing on the motion for summary judgment. The
"Mother Hubbard" clause reflects this judicial determination from the hearing. This subsequent
modification was due to judicial, not clerical, error and cannot be modified by judgment nunc pro
tunc. Therefore, the court lacked the power to strike the "Mother Hubbard" clause and grant First
American attorneys' fees. The Vorwerks' sixth point is sustained.
          We conclude that the Vorwerks waived their complaint against the Phillips affidavit, and
their points of error relevant to it are overruled. However, we find that the trial court did not have
the authority to modify the judgment once its plenary power over the cause expired and that the
trial court did not properly modify the judgment nunc pro tunc. The trial court's judgment signed
September 28, 1994, is vacated. The judgment signed June 14, 1994, is reinstated and affirmed.
                                                                                 PER CURIAM

Before Justice Cummings and
         Justice Vance
Affirmed in part, vacated in part
Opinion delivered and filed September 25, 1996
Do not publish