ROGERS et al. v. WATERS.

No. 12583.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 4, 1953.

Cecil, Keith & Mehaffy, Beaumont, for appellants.

Berger, Swearingen & Williamson, Corpus Christi, for appellee.

POPE, Justice.

This is a venue suit which concerns Section 5 of article 1995, Vernon's Ann.Civ. Stats. Dr. Earl H. Waters resides in Nueces County. S. J. Rogers and N. Jay Rogers, d/b/a Texas State Optical Company, reside in Jefferson County, Texas. Dr. Waters filed suit against the appellants to obtain a declaratory judgment with reference to a contract between the parties. Under the contract, appellants agreed to hire Dr. Waters as co-manager and optometrist at the office of the Texas State Optical Company at Corpus Christi, Nueces County, Texas, for a period of ten years, and to pay him a salary of eight thousand dollars per year, together with one-sixth of the net profits of the Corpus Christi office. Venue under Section 5 is not controlled by the place where the contract requires the plaintiff to perform, but by the place where the contractual obligation sued upon requires the defendant to perform. Rorschach v. Pitts, Tex.Sup., 248 S.W.2d 120; Slagle v. Clark, Tex.Civ.App., 237 S.W.2d 430; Johnston v. Bracht, Tex.Civ.App., 237 S.W.2d 364; Timlin v. Odstrcil, Tex.Civ. App., 229 S.W.2d 224; Harris & Beeman v. Koon, Tex.Civ.App., 229 S.W.2d 212; 1 McDonald, § 4.11, pp. 344, 348.

The contract in this case is silent as regards the place the appellants are to perform, and the history of Section 5 shows that the addition of the word "expressly" to the statute, in stating the requirements for fixing venue, was meant to exclude all implications. "By amendment the language of the subdivision was made so plain as to admit of no construction that would fix venue by implication." Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610, 611; Johnston v. Personius, Tex.Civ.App., 242 S.W.2d 471; Slagle v. Clark, Tex.Civ.App., 237 S.W.2d 430; McKinney v. Moon, Tex.Civ. App., 173 S.W.2d 217; Cox v. Bunn, Tex. Civ.App., 160 S.W.2d 101.

The judgment is reversed, and the cause is ordered transferred to Jefferson County.