**WESTERN NATURAL GAS COMPANY et al., Appellants,**

v.

**F. G. KINGSLEY et al., Appellees.**

No. 13880.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 21, 1962.

Rehearing Denied March 21, 1962.

Liddell, Austin, Dawson & Sapp, George Wear, Butler, Binion, Rice & Cook, Neal Powers, Jr., Robert H. Singleton, Houston, for appellants.

Wood & Boykin, Corpus Christi, Weldon Cabaniss, Rockport, for appellees.

POPE, Justice.

This venue action essentially concerns §§ 5, 23 and 27, Art. 1995, Vernon's Texas Civil Statutes. Section 14, originally relied upon, has been abandoned, and Section 29a becomes unimportant. Plaintiffs, F. G. Kingsley and Roger Millikin, are the owners of certain gas rights in the Lamar Field in Aransas County. They filed suit in Aransas County against Western Natural Gas Company and Continental Oil Company, which provide a pipe line and buy the gas from plaintiffs under a written contract. They also sued Reynolds Metals Company and Reynolds Mining Corporation. The four defendants filed their pleas to be sued in Harris County, and the court overruled them. We shall first discuss venue with respect to Western and Continental, and then shall separately discuss venue with respect to Metals and Mining.

In 1953, plaintiffs entered into a contract by which Western and Continental agreed to purchase from plaintiffs a minimum quantity of gas per month. The contract recited that the gas was for delivery and sale to Metals under the terms of a prior contract that Western and Continental had made with Metals. Metals later began

buying additional gas from Mining, its subsidiary which had acquired several gas wells in the same reservoir. Plaintiffs' one well is located on a 143-acre tract. Metals and Mining have five wells located on a fifty-one acre tract. Plaintiffs do not contend that Western and Continental have breached the express terms of their contract which stated the minimum quantity of gas which must be taken. Plaintiffs urge that their contract with Western and Continental has an implied covenant to take gas ratably from their well, and that they have breached the covenant. Plaintiffs seek damages. The contract is silent about a ratable taking among the wells in the reservoir.

■ The briefs exhaustively discuss the existence, vel non, of such an implied covenant, but we deem that a matter which may be decided on the merits. For the purpose of this appeal, we shall assume, without deciding, that the contract impliedly requires Western and Continental to take ratably among the wells producing from the common reservoir, that they have failed to do so by taking a disproportionate amount of gas from Metals and Mining's wells, and that Western and Continental, therefore, have breached their contract to purchase and take gas ratably. After assuming all of these things, the essential ingredient which plaintiffs must prove as a venue fact to hold the case in Aransas County is still lacking. Plaintiffs must prove that the contract expressly provides for performance of the obligation sued upon in that county. 1 McDonald, Texas Civil Practice, § 4.11. The assumed implied covenant still does not carry with it the further implication to pay in Aransas County. There is no express provision for the place of payment even under the express provisions about taking. The place of taking gas is not necessarily the place of payment. Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120, states the reasons that Section 5 is not applicable in this precise situation: "The basic allegations of the suits * * * were that the relator-

defendant had failed to receive, and accordingly failed also to pay for, the full amount of gas he was bound to accept and pay for under the contract * * *. As stated, the relief sought was money damages. * * * From this it would apparently follow that the essential obligation in suit for venue purposes is that of payment, and since no place of performance of that obligation is stated in the contract, no exception to the general rule of venue at the domicile is involved." Venue in Aransas County as to Western and Continental therefore fails.

■ Venue in Aransas County under Section 5 also fails with respect to Metals and Mining. The path which plaintiffs follow to impose an express obligation against Metals which is performable in Aransas County is tortuous. Plaintiffs' first reason that their contract with Western and Continental has the implied covenant of ratable taking. They next reason that the same contract is for the benefit of Metals, not a signatory to the contract, because Metals is a third-party beneficiary. As a third-party beneficiary, plaintiffs claim that Metals is liable for the breach of the contract for their benefit. We again shall assume all that plaintiffs claim, but there is still no express obligation to pay in Aransas County. Rorschach v. Pitts, supra.

■ Plaintiffs make the further contention that Metals and Mining may be sued in Aransas County under Sections 23 and 27, because they tortiously induced the breach of the contract, and that the cause "arose" as provided in Section 23, and "accrued" as provided in Section 27, in Aransas County. There is an abundance of documentary evidence in the record. Some of those documents show that Metals contracted with Mining about the amount of gas which Metals would take from Mining's wells. Other documents show that Metals contracted with Western and Continental about transporting that gas from Aransas County to its plant located in San Patricio County. There is no proof

of any violation of the express quantity requirements in plaintiffs' contract with Western and Continental. If there was a violation of an implied covenant under the evidence, it is a breach but not a tortious breach. We are pointed to no tortious conduct by Metals or Mining, and the tort may not be proved by surmise. Terry v. Zachry, Tex.Civ.App., 272 S.W.2d 157; Tidal Western Oil Corporation v. Shackelford, Tex.Civ.App., 297 S.W. 279. Plaintiffs were required to prove a tort and that it occurred in Aransas County. They proved neither.

For Section 29a to be applicable, the plaintiffs must prove that venue in Aransas County is proper as to some defendant, and that the other joined defendant is a necessary party. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758. Plaintiffs have failed to prove venue as to any defendant. This case has been exhaustively briefed, but the venue points may be reduced to these basic principles. In our opinion, venue does not lie against any of the defendants in Aransas County, and the cause is reversed and remanded with instructions that it be transferred to Harris County, the defendants' residence.