ZURICH INSURANCE COMPANY,
Appellant,

v.

Adrian Harold WIEGERS, Appellee.

No. 12234.

Court of Civil Appeals of Texas,
Austin.

Sept. 10, 1975.

Milton L. Bankston, Joseph V. Crawford, Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellant.

Bob Roberts, Byrd, Davis, Eisenberg & Clark, Austin, for appellee.

SHANNON, Justice.

This is an appeal from the judgment of the district court of Travis County overruling the plea of privilege of appellant, Zurich Insurance Company, and pertains to Tex.Rev.Civ.Stat.Ann. art. 1995, §§ 4, 23, 27, 28, and 29a.

In March, 1972, a station wagon owned by Quality Meat of Austin, Inc., and driven by Thomas B. Lopez, collided in Travis County with a pickup truck owned and operated by appellee, Adrian Harold Wiegers. Appellee filed suit in January, 1974, against Vanguard Insurance Company and Reliance Insurance Company. Three weeks later appellee filed an amended petition complaining only of Reliance Insurance Company and appellant, Zurich Insurance Company. Reliance Insurance Company was the liability insurance company for Quality Meat of Austin, Inc. and Zurich Insurance Company was the uninsured motorist insurance carrier for Wiegers. Neither the estate of Thomas B. Lopez, deceased, nor Quality Meat of Austin, Inc., were parties to the suit.

Appellee's trial petition characterized the lawsuit as one brought under the "Declaratory Judgment Statutes and Rules of the State of Texas" to determine ". . . which insurance carrier is responsible in this cause, and for such sums of money as pleaded . . ." Appellee prayed for a determination of whether or not coverage existed for Quality Meat of Austin, Inc., by reason of its policy of insurance with Reliance Insurance Company. In the alternative, appellee pleaded that if it were determined that no such coverage existed, then he sought a recovery against his own uninsured motorist carrier, Zurich.

Zurich filed a plea of privilege to be sued in the county of its domicile, Dallas County. Wiegers filed his controverting plea, asserting that venue was in Travis County by reason of Tex.Rev.Civ.Stat.Ann. art. 1995,

§§ 4, 23, 27, 28, and 29a. Upon trial, the court overruled the plea of privilege.

Zurich attacks the judgment by twelve points of error contending that: (1) the judgment may not be sustained by §§ 4 and 29a; and (2) appellee waived any other subdivision of art. 1995 which would have sustained the judgment.

Section 4 of art. 1995 provides in part:

"4. Defendants in different counties.—

"If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

Under § 4 the venue facts to be established are: (1) one defendant resides in the county of suit; (2) the party asserting his privilege is at least a proper party to the suit against the resident defendant; and (3) the plaintiff has a *bona fide* claim against the resident defendant. *Stockyards National Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300 (1936), *Hoover v. Barker,* 476 S.W.2d 126 (Tex.Civ.App.1972, writ dism'd), 1 McDonald, Texas Civil Practice, § 4.10.2 (Rev.Ed.1965).

By its first point of error Zurich claims that venue cannot be maintained in Travis County under § 4 because there is no evidence that its co-defendant, Reliance Insurance Company, was a resident of Travis County.

We agree that Wiegers failed to prove that Reliance Insurance Company was a resident of Travis County. During the trial, and over Zurich's objection, the court admitted into evidence a response by Reliance Insurance Company to a request for admissions relative to its agent in Travis County. That evidence will not sustain the judgment for the reason that a corporation is not a resident of every county in which it maintains an agent. *International Harvester Company v. Faris,* 360 S.W.2d 864 (Tex.Civ.App.1962, no writ). To meet his burden of showing that Reliance Insur-

ance Company is a resident of Travis County for venue purposes, Wiegers had to show that the corporation has its registered office in Travis County. Tex.Bus.Corp.Act Ann. art. 8.08 (1955). See also Tex.Bus. Corp.Act Ann. art. 2.09 (1955), *Ward v. Fairway Operating Company,* 364 S.W.2d 194 (Tex.1963).

Section 29a provides:

"29a. Two or more defendants.—

"Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

■ Before § 29a is applicable these conditions must be shown to exist: (1) the suit must be against two or more defendants; (2) all of the defendants must reside outside the county of suit; (3) venue must be proper as against at least one of the defendants under some exceptions to the general venue rule; and (4) the defendant urging his privilege must be a necessary party to the claim against the defendant as to whom venue is proper. 1 McDonald, Texas Civil Practice, § 4.36 (Rev.Ed.1965).

■ Zurich urges in point of error number nine that § 29a cannot be the basis for the judgment for the reason that Wiegers has not shown that appellant is a necessary party to the suit. Assuming that Wiegers' suit is maintainable in Travis County against Reliance Insurance Company, a question which we do not reach in the absence of Reliance from this appeal, we have concluded that Zurich is not a necessary party to the suit. To be a necessary party under § 29a, the joinder of Zurich in the suit against Reliance Insurance Company must be necessary in order to afford Wiegers the complete relief to which he is entitled in his suit against Reliance. To show this Wiegers had the burden to allege and prove joint responsibility of Zurich and Reliance. Alternative responsibility, as pleaded by Wiegers, is not enough. *Loop Cold Storage Company v. South Texas Packers, Inc.,* 491 S.W.2d 106 (Tex.1973), see *State Farm Mutual Automobile Insurance Company v. White,* 461 S.W.2d 476 (Tex. Civ.App.1970, no writ).

By its final point of error Zurich claims that Wiegers waived any other sections of art. 1995 which might have sustained the judgment. In addition to §§ 4 and 29a, Wiegers had asserted that venue was proper in Travis County by virtue of §§ 23, 27, and 28.

In his opening statement to the court Wiegers' counsel said:

"We are going under Section 4 and Section 29a of the venue statute as to whether it is proper to have Mr. Bankston [counsel for Zurich], an out-of-state defendant with no agent in this county held in this county by virtue of the other parties.

"Now, Section 4, which we believe is one of the pertinent sections, is that two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * * But, basically, it is if there are two or more defendants and one of them resides here, it is proper venue as to both of them.

"Venue is proper as to Mr. Maroney [counsel for Reliance]; he has no residence; he is an out-of-state corporation also.

"The other provision is Section 29a, which provides—and this is the main one—where there are two or more defendants in any suit brought in any county in this state and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants—in other words, if it can be maintained lawfully here as to any defendant, then such suit may be maintained in this county against any and all necessary parties hereto.

"We have two questions: No. 1 is whether this suit is legally maintainable against Mr. Maroney in this county. In that connection I·will introduce Requests for Admissions of fact and the answers thereto, in which he [Maroney] judicially admits he is legally sue-able [*sic*] here in Travis County by the fact that he is a foreign corporation and has an agency or representative in this county. Therefore, under Section[s] 27 and 23 of the venue statute, it is legally maintainable against him in Travis County.

"Therefore, the only question becomes whether or not these two parties are necessary parties to determine the question of permissive use of uninsured motorist nature or not [*sic*].

"I have also got some interrogatories from the police indicating that the accident occurred, for Mr. Wiegers, that he was injured; ·testimony from myself, and also the denial of the other insurance company to prove the uninsured nature of the defendant. That's basically our position, Your Honor."

■ Waiver is the intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of that right. *Praetorians v. Strickland,* 66 S.W.2d 686 (Tex.Comm.App. 1933, jdgmt. adopted). The conduct warranting such an inference has been said to occur when a party "did or failed to do something which is inconsistent with an intention to exercise its rights." *New Amsterdam Casualty Co. v. Hamblen,* 144 Tex. 306, 190 S.W.2d 56, 59 (1945). In some respects, the concept of waiver is not dissimilar to the doctrine of election of remedies. *Roberts v. Griffith,* 207 S.W.2d 443 (Tex.Civ.App.1947, writ ref'd n. r. e.). The conduct in question must be understood as a waiver by the other party asserting the doctrine. *Garner v. Texas State Board of Pharmacy,* 304 S.W.2d 530 (Tex.Civ.App. 1957, writ ref'd).

■ A reading of counsel's statement does suggest that he informed the court and opposing counsel that he was relying only upon subdivisions 4 and 29a. Appellee, however, did plead subdivision 27 and he adduced some evidence to support that contention.[1] Under these circumstances, we are not persuaded that counsel for appellee in making the quoted statement waived appellee's right to maintain venue in Travis County under subdivision 27.

■ We are of the opinion that Wiegers established venue in Travis County pursuant to subdivision 27. Insofar as relevant here that subdivision provides as follows: "Foreign corporations . . . may be sued in any county where the cause of action or a part thereof accrued . . ."

■ The venue facts to be established under subdivision 27 are (1) that the defendant is a foreign corporation, (2) that the plaintiff had a cause of action against the defendant, and (3) that the cause of action or part thereof arose in the county of suit. *General Mills, Inc. v. Livingston,* 333 S.W.2d 215 (Tex.Civ.App.1960, no writ).

To show that he had a "cause of action" against appellant, Wiegers had to prove that Lopez was driving an "uninsured automobile" at the time of the collision. An "uninsured automobile" was defined in appellant's insurance policy as including an automobile with respect to which there was no bodily injury liability insurance policy applicable at the time of the accident ". . . or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder . . ."

■ Whether Reliance Insurance Company had denied coverage under its liability policy was a material issue in the hearing. Without proof of the fact of denial, appellee Wiegers could not prove a cause of action

---

1. It is arguable that in adducing evidence pertinent to subdivision 27, Wiegers was in fact attempting to discharge one of his burdens under subdivision 29a.

**516**

against Zurich, his own uninsured motorist carrier as required under subdivision 27.

 Appellant argues that the following testimony, showing denial of coverage, was hearsay. Because there was no other evidence bearing upon denial, appellant says there was no evidence of the necessary venue fact:

". . . I am Bob Roberts; I am attorney of record for the plaintiff [appellee] in this cause. I would like to state I was contacted by Jack Maroney, attorney of record for Reliance Insurance Company, the insurer for the owner of the other vehicle involved in this collision; that is, the 1971 Toyota owned by Quality Meat Company. *Mr. Maroney denied that coverage existed in this cause* by virtue of the alleged lack of permission that the driver had at the time of the collision; in other words, that he was not driving the vehicle with permission, nor was he acting in the scope of his employment for Quality Meat, Incorporated; and that therefore *he denied any coverage existed* as to that collision." (Emphasis added)

Appellant argues that the testimony is hearsay for the reason that it was offered for the purpose of showing the truth of the fact asserted: that Reliance Insurance Company denied coverage.

The appellee's counter-argument, with which we agree, is that the testimony was properly received because the utterance of the words had legal significance without regard to its truth or falsity. *Burrell Engineering & Construction Company v. Grisier*, 111 Tex. 477, 240 S.W. 899 (1922), *Jaffe v. Deckard*, 261 S.W. 390, 399 (Tex.Civ.App. 1924, no writ), 6 Wigmore on Evidence, § 1770 (3rd Ed. 1940).

The judgment is affirmed.

Affirmed.