WHITE STORES, INC., Appellant,

v.

Eva Jean FIELDING, Appellee.

No. 1046.

Court of Civil Appeals of Texas,
Corpus Christi.

Jan. 30, 1976.

Thomas P. Sartwelle, Fulbright & Jaworski, Houston, for appellant.

Paul F. Jensen, Morgan, Dudsensing & Tullis, Houston, for appellee.

## OPINION

YOUNG, Justice.

White Stores, Inc. has appealed from an order overruling its plea of privilege. Suit was filed in Harris County by Eva Jean Fielding for personal injuries resulting from an incident in which a chair, manufactured by Falcon Manufacturing Company and sold by White Stores, Inc., collapsed under her weight. White filed a plea of privilege but Falcon did not.

The chair was purchased by Fielding as part of a dining room suite from the appellant's store in Harris County. Approximately three years after purchase, the appellee sat in the chair and it came apart causing her to fall. White Stores, Inc., a domestic corporation licensed and doing business in Texas, asserted in its plea of privilege that at the time the action was instituted, and at all times material, its county of residence was Wichita County, Texas. The record does not reflect that the trial court filed findings of fact and conclusions of law. Thus, it is our duty to affirm the order of the trial court if it can be sustained upon any reasonable theory supported by the evidence and authorized by law. *James v. Drye,* 320 S.W.2d 319 (Tex. Sup.1959); *Pearson v. Stevens,* 446 S.W.2d 381 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ); *Connor v. City of University Park,* 142 S.W.2d 706 (Tex.Civ.App.—Dallas 1940, writ ref'd).

It is a basic right of a defendant to be sued in the county of his domicile unless the plaintiff proves by a preponderance of the evidence that the case comes within one of the statutory exceptions in Article 1995, Tex.Rev.Civ.Stat.Ann. *Banks v. Collins,* 152 Tex. 265, 257 S.W.2d 97 (Tex.Sup.1953). The appellee alleged in her controverting affidavit that venue was maintainable in Harris, County, Texas pursuant to Subdivisions 9a, 23, 27, 29a and 31 of Article 1995. In twelve points of error, White contends that there is no evidence or insufficient evidence to sustain the court's order on these sections of Article 1995.

Venue is not maintainable in Harris County under Subdivision 9a. The plaintiff's petition is couched in terms of strict liability, breach of implied warranty and negligence. There was offered, however, no proof of negligence nor proof of a negligent act in Harris County. Proof of negligence is a prerequisite of Subdivision 9a.

Plaintiff has failed to establish venue in Harris County under Subdivision 23. That exception provides in part:

"Suits against a private corporation . . . may be brought in . . . the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; . . ."

To come within Subdivision 23, it is necessary to prove that a cause of action in fact exists. The plaintiff has the burden, as in a trial on the merits, to prove the elements of that cause of action. *Victoria Bank & Trust Co. v. Monteith,* 138 Tex. 216,

158 S.W.2d 63 (Tex.Comm'n App.1941, opinion adopted); *Socony Mobil Company, Inc. v. Southwestern Bell Telephone Co.,* 518 S.W.2d 257 (Tex.Civ.App.—Corpus Christi 1974, no writ).

As noted above, the plaintiff offered no proof of negligence. Whether the record contains proof of a cause of action under a theory of strict liability or implied warranty requires closer consideration. Under a theory of strict liability or implied warranty the plaintiff must prove that the defective condition existed at the time the product left the hands of the particular defendant seller. *Pittsburg Coca-Cola Bottling Works of Pittsburg v. Ponder,* 443 S.W.2d 546 (Tex.Sup.1969); *Jack Roach-Bissonnet, Inc. v. Puskar,* 417 S.W.2d 262, 278 (Tex.Sup.1967). Also in *Ponder,* it is made clear that, although it is not necessary to negative every remote possibility of mishandling, the plaintiff must at least offer testimony that would support a reasonable inference that the product was not mishandled or damaged after delivery. In the present case, there is insufficient evidence that the defect was present in the chair when it left the custody and control of the seller. Fielding's testimony on this point was simply, "I bought some furniture from White Stores and it was faulty, gave way with me and I was injured." This may be some evidence that the defect was present at time of delivery. It is not, however, sufficient to meet the tracing requirement of *Ponder.*

Further, we find no evidence to bring this case within the exception of Subdivision 27. Under this subdivision, the plaintiff must prove that the defendant is in fact a foreign corporation. *Vines v. Harry Newton, Inc.,* 445 S.W.2d 260, 262 (Tex. Civ.App.—Houston [1st Dist.] 1969, writ dism'd). This she has failed to do.

About Subdivision 29a, the plaintiff must establish that White is a necessary party to the action and that venue is maintainable in Harris County as to Falcon. The plaintiff has failed to offer any evidence of joint responsibility; consequently, this exception fails for her. *Loop Cold Storage Company v. South Texas Packers, Inc.,* 491 S.W.2d 106 (Tex.Sup.1973); *Zurich Insurance Company v. Wiegers,* 527 S.W.2d 511 (Tex.Civ.App.—Austin 1975, no writ).

The plaintiff has offered no evidence that White Stores, Inc. is a manufacturer; thus, the exception of Subdivision 31 may not be invoked by her either. The terms of the exceptions to venue must be strictly construed and the plaintiff must clearly establish the exception before a defendant may be deprived of his right to be sued in a county of his domicile. *McClanahan v. Cook,* 401 S.W:2d 352 (Tex.Civ.App. —Amarillo 1966, no writ). All of White's points are sustained.

The judgment of the trial court is reversed, and judgment is here rendered that White's plea of privilege is sustained. It is further ordered that the action against White be severed, and that the suit against White be transferred to a District Court of Wichita County, Texas.