J. N. HEATH, d/b/a J. N. Heath Carpet Company, Appellant,

v.

Bobby GILBREATH, Appellee.

No. 6499.

Court of Civil Appeals of Texas, El Paso.

April 7, 1976.

Leonard Howell, Midland, for appellant.

Fugit, Pipes & Bobo, Gerald K. Fugit, Odessa, for appellee.

## OPINION

PRESLAR, Chief Justice.

This is an appeal from an order overruling defendant's plea of privilege on the basis of a written contract. We reverse on the ground that there was no written contract established for the obligation sought to be enforced.

Appellee, Gilbreath, brought suit against Appellant, Heath, alleging that there was a contract between the parties, a breach of that contract, and requesting either damages or a rescission. In response to Appellant's plea of privilege, Appellee filed a controverting plea asserting venue under Exceptions 5(a) and 31 of Article 1995, Tex. Rev.Civ.Stat.Ann. He pled no facts, just that the venue was maintainable under the two exceptions. At the venue hearing, no attempt was made to establish venue under Exception 31, and it is not involved in this appeal. As to Exception 5(a), Appellee offered in evidence an instrument in the following form:

STATEMENT

FROM ___J. N. Heath_____

                                    1–19        1974_____
TO _____Gilbreath Job_____
ADDRESS   2711 Verde_____
CITY ____Odessa_____ STATE_____
TERMS _____

| 63 yds | Dehli | @ | 8.25 | 519.75 |
| | | | | 25.99 |
| | | | | 545.74 |

Paid
    1/19/74

Appellee testified that Heath had installed carpet in January of 1974, and at the conclusion of the work had handed him the above instrument, and that he at that time paid the full amount; that thereafter, there was a problem with the carpet in that it appeared to be of two different shades; that their agreement was for one continuous color. He testified that he had been damaged in the amount of the above bill; that he was willing to give the carpet back and wanted his money back. At the conclusion of the hearing, the Court announced that he found that the defendant furnished plaintiff with a written instrument which set out the details of the agreement and named specific price within Ector County, Texas, and the Court announced the conclusion that the suit had been brought by reason of the written agreement designating a definite place in the County of suit. On that basis, the defendant's plea of privilege was overruled.

The written instrument offered in evidence, if it is a contract, shows on its face to be a completed contract as it is marked paid. This, then, is not a suit to enforce the terms of that contract. This suit was filed eighteen months after the date of the above written instrument. On allegations of a breach of contract, it seeks damages or to rescind the above instrument. There is no written instrument for either of the remedies.

In order for a case to come with Exception 5 of the Venue statute, the suit must be to enforce a particular obligation which the written contract requires to be performed in the particular county expressly named. *Slagle v. Clark*, 237 S.W.2d 430 (Tex.Civ.App.—Amarillo 1951, no writ); *Cunningham v. Allison*, 202 S.W.2d 297 (Tex.Civ.App.—Fort Worth 1947, no writ). As stated by the Amarillo Court of Civil Appeals:

" * * * It is immaterial that some obligations imposed by a written contract are required to be performed by one or the other party in a particular county; the material and controlling fact being that the particular obligation sought to be enforced by the suit is required by the contract to be performed in a particular county. *McKinney v. Moon*, (Tex.Civ. App.), 173 S.W.2d 217; *May v. Perkin*, (Tex.Civ.App.), 227 S.W.2d 393; *Rogers v. Waters*, (Tex.Civ.App.), 262 S.W.2d 521." *A & S Steel Buildings, Inc. v. Burk*, 390 S.W.2d 401 (Tex.Civ.App.—Amarillo 1965, no writ).

The argument that the obligation sought to be enforced here arose "by reason of" the written contract and is such as to bring the suit within Exception 5 cannot be sustained. Following the Legislature's amendment of Exception 5 by the addition "upon or by reason of", the Supreme Court determined that that phrase does not make any alteration in the law as it existed before the amendment. *Rorschach v. Pitts*, 151 Tex. 215, 248 S.W.2d 120 (1952); and see *A & S Steel Buildings, Inc. v. Burk*, supra; *Texas Automatic Sprinkler Company v. Ealand-Wood Lumber Company*, 297 S.W.2d 958 (Tex.Civ.App.—Beaumont 1957, no writ); 1 McDonald, Texas Civil Practice, Venue § 4.11.3 at 449.

The judgment of the trial Court is reversed and this cause is ordered transferred to the County Court of Midland County, Texas.