Joseph G. **BROWN,** Appellant,

v.

**GULF COAST MACHINE & SUPPLY CO. et al.,** Appellees.

No. 8008.

Court of Civil Appeals of Texas, Beaumont.

June 30, 1977.

Rehearing Denied July 28, 1977.

Donald E. Sample, Beaumont, for appellant.

John H. Benckenstein, Beaumont, Martin W. Dies, Orange, for appellees.

KEITH, Justice.

Plaintiff has perfected an appeal from an order which sustained a plea of privilege of one defendant, and has attempted to appeal from an order which sustained a plea in abatement as to the other defendant. We affirm the venue appeal and dismiss the attempted appeal as to the other defendant.

Plaintiff was an employee of Gulf Coast Machine & Supply Company (hereinafter "Company") at its manufacturing plant in Jefferson County prior to his discharge on February 27, 1976. As an employee, he was a member of the certified bargaining unit in such plant, International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers of America, Local 587, AFL–CIO (hereinafter "Union"), domiciled in Orange County, Texas.

Plaintiff sought recovery of damages against Company because of his alleged wrongful discharge. He asserted that his Union owed a statutory duty of presenting and prosecuting his grievance against Company since it was the collective bargaining agent of the employees in the unit. He alleged that Union breached such duty and he sought damages arising from such breach.

Union's plea of privilege to be sued in its domicile in Orange County was controverted by plaintiff when he invoked subdivisions 4, 5, and 29a, Art. 1995, Tex.Rev.Civ. Stats.Ann. Company filed a plea in abatement and an answer subject thereto. The basic thrust of the plea in abatement was that the collective bargaining contract required an aggrieved employee to file his grievance within seven days after the grievance came into existence or, under the terms of the contract, it was specifically waived and the employee had no other rights or remedies under such contract.

During the course of the hearing, plaintiff and representatives of both defendants gave testimony; and, at the conclusion of the hearing, the court sustained the Union's plea of privilege and the Company's plea in abatement. We will first turn our attention to the attempted appeal from the order sustaining the plea in abatement.

Even a cursory examination of the record in this case discloses that the so-called plea in abatement was actually a plea in bar since it went to the merits of the plaintiff's case. *Texas Highway Department v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967). In *Kelley v. Bluff Creek Oil Company*, 158 Tex. 180, 309 S.W.2d 208, 214–215 (1958), the Court criticized the practice of misnaming a plea in bar in order to procure a preliminary trial as if the plea were one in abatement, saying that the practice "is confusing and not to be encouraged."

The trial court, although sustaining the "plea in abatement", made no disposition of plaintiff's claim. The rule applicable to non-appealable interlocutory orders is stated in *Bloomfield Royalty Corp. v. Carco Investments, Inc.*, 435 S.W.2d 178, 180 (Tex. Civ. App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.):

> "The right to appeal from an interlocutory order in an injunction case is purely statutory and embraces only the order provided for in the statutes and rules. . . . An accompanying nonappealable interlocutory order is not made appealable by the fact that an appeal prop-

erly lies from an interlocutory injunction order. . . ." (citations omitted)

See also, *City of Arlington v. Tex. Elec. Serv. Co.*, 540 S.W.2d 580, 582 (Tex. Civ. App.—Fort Worth 1976, writ ref'd n.r.e.); *Jernigan v. Jernigan*, 467 S.W.2d 621, 625 (Tex. Civ. App.—Beaumont 1971, writ dism'd).

Indeed, when the converse of the situation was presented to the Supreme Court (the trial court overruled the plea in abatement), that Court held, in *Johnson v. Avery*, 414 S.W.2d 441, 443 (Tex. 1966), that the order could be reviewed only after a final judgment had been rendered in such cause.

■ When a plea in abatement has been sustained, the aggrieved party may either amend to comply with the trial court's order; or, he may refuse to amend and suffer a dismissal of his cause. See and compare *Sizzler Family Steak Houses v. Nuss*, 444 S.W.2d 843, 845 (Tex. Civ. App.—Houston [14th Dist.] 1969, no writ); *Power v. Landram*, 424 S.W.2d 24, 26 (Tex. Civ. App.—Houston [1st Dist.] 1968, no writ). Cf., *McCamey v. Kinnear*, 484 S.W.2d 150, 152 (Tex. Civ. App.—Beaumont 1972, writ ref'd n.r.e.), dealing with special exceptions.

■ We have no jurisdiction to review the attempted appeal as to the Company; consequently, as to the Company, plaintiff's appeal is dismissed at his costs.

■ However, plaintiff's appeal as to the Union has been perfected properly and we have acquired jurisdiction to determine the merits thereof. Plaintiff seeks to maintain venue in Jefferson County under subdivisions 4 and 5 of Art. 1995. Many cases support this statement of the rule taken from *Zurich Insurance Company v. Wiegers*, 527 S.W.2d 511, 513 (Tex. Civ. App.—Austin 1975, no writ):

> "Under § 4 the venue facts to be established are: (1) one defendant resides in the county of suit; (2) the party asserting his privilege is at least a proper party to the suit against the resident defendant; and (3) the plaintiff has a *bona fide* claim against the resident defendant."

See also, *Houston Sash & Door Company, Inc. v. Davidson*, 509 S.W.2d 690, 694 (Tex. Civ. App.—Beaumont 1974, writ ref'd n.r. e.).

The trial court, after hearing extensive evidence, sustained the Union's plea of privilege and ordered the cause transferred to the county of its domicile. Findings of fact and conclusions of law were not requested. Thus, in this appeal, we are required to apply the rule stated in *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319, 323 (1959): "[E]very reasonable intendment must be resolved in favor of the trial court's judgment." See also, *White Stores, Inc. v. Fielding*, 533 S.W.2d 431, 432 (Tex. Civ. App.—Corpus Christi 1976, no writ).

Plaintiff testified at length concerning his efforts to enlist the aid of the Union in prosecuting his grievance against the Company. He was not corroborated by any other witness or written documents. Plaintiff, in so testifying, was an interested witness and his testimony, at best, simply raised an issue of fact for determination by the trier of fact. *Cochran v. Wool Growers Central Storage Co.*, 140 Tex. 184, 166 S.W.2d 904, 908 (1942); *Reed v. Aetna Cas. & Sur. Co.*, 535 S.W.2d 377, 378 (Tex. Civ. App.—Beaumont 1976, writ ref'd n.r.e.). The action of the trial court in sustaining Union's plea of privilege amounted to an implied rejection of plaintiff's testimony.

Plaintiff did not allege that he had any right to continue employment with the Company other than that set out in the collective bargaining agreement. Insofar as his claim against Company is involved, his rights could be protected and enforced only by compliance with the grievance machinery; and, his own testimony established that he did not invoke such grievance procedure within the contractual deadline therefor. Thus, plaintiff failed to establish the existence of a bona fide claim against the resident defendant. He cannot, therefore, maintain venue under subdivision 4 of the statute. *Houston Sash & Door Co. v. Davidson*, supra.

Plaintiff's reliance upon subdivision 5 is likewise misplaced. The contract involved herein (the collective bargaining contract between Company and Union) is wholly silent as to where the signatory parties are required to perform. It is true that Company has its domicile in Jefferson County but neither it nor the Union "contracted in writing to perform an obligation *in a particular county, expressly naming such county*, or a definite place therein, *by such writing*, . . ." as required by the plain language of subdivision 5 Art. 1995. (emphasis supplied)

As stated in *Rogers v. Waters*, 262 S.W.2d 521, 522 (Tex. Civ. App.—San Antonio 1953, no writ):

"Venue under Section 5 is not controlled by the place where the contract requires the plaintiff to perform, but by the place where the contractual obligation sued upon requires the defendant to perform."

See also, *Heath v. Gilbreath*, 536 S.W.2d 404, 405 (Tex. Civ. App.—El Paso 1976, no writ).

Having determined that the trial court properly sustained the plea of privilege filed by the Union, we affirm the judgment transferring the entire cause of Orange County. See and compare *Harwood v. Hunt*, 473 S.W.2d 287, 294 (Tex. Civ. App.—Beaumont 1971, no writ).

Affirmed in part; and in part, the appeal is dismissed.

STEPHENSON, Justice, concurring.

I concur with the action of the majority in affirming the venue appeal.

I agree with the majority in finding the so-called plea in abatement to be a plea in bar. However, I do not agree with the disposition of the cause of action against the company. I would enter a judgment that plaintiff take nothing against the company.

The trial court heard evidence as to the so-called plea in abatement. As stated in the majority opinion, the questions raised were whether or not plaintiff filed his grievance within seven days after the grievance came into existence or was waived. Plaintiff had notice that the court would

try those issues and made no complaint. These were questions which went to the heart of plaintiff's cause of action and not merely a matter of the sufficiency of the allegations which could be cured by amendment. The company's pleadings did not merely raise dilatory matters which would abate the trial until some other action had been taken. More than seven days had passed and if plaintiff had not filed his grievance or the necessity for filing had not been waived, there was nothing plaintiff could do.

Plaintiff attempted to show it was his Union's responsibility and he personally could not be held accountable. He cites *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), to support his position. That case is clearly distinguishable from the one before us. The contract in that case provided that only the Union could file a grievance while in our case the contract provides that either the Union or the plaintiff could have filed his grievance.

I would take the action taken by the Court of Civil Appeals in *Whelan v. Killingsworth*, 537 S.W.2d 785, 787 (Tex. Civ. App.—Texarkana 1976, no writ), and reform the judgment of the trial court to provide that plaintiff take nothing as to the company.