FILED

DEC 13 1979

J. A. HULGAN, CLERK
COURT OF CIVIL APPEALS
NINTH SUPREME JUDICIAL DISTRICT
BEAUMONT, TEXAS

B 9176

NO. 8372

ANNA SPAINHOUER                                    APPELLANT

V.

WESTERN ELECTRIC COMPANY, INC.                     APPELLEE

Plaintiff below appeals from an adverse summary judgment entered in her suit against the defendant-employer for damages resulting from her alleged wrongful discharge. She sought damages under the provisions of TEX. REV. CIV. STAT. ANN. art. 8307c (Supp. 1978-79). Plaintiff was injured in the course of her employment with defendant and claimed worker's compensation benefits. She settled her claim with the compensation insurance carrier but when she failed to report for duty as instructed by defendant, she was discharged.

Claiming that she was wrongfully discharged by the defendant, she followed the grievance procedures contained in the contract between her union, Communications Workers of America, and Western Electric, being assisted by the local Union officials.

The Union diligently pursued her claim through the first four steps of the grievance procedure and then wrote to the International representative of the Union recommending that the grievance be pursued through the fifth step--binding arbitration--as prescribed in the contract. The International Union declined to take such step and so advised the local Union representative. Under the contract, if either party failed to institute arbitration procedures within sixty days, the right to arbitrate was deemed to have been conclusively waived.

The local officials of the Union advised plaintiff of the decision of the International Union not to pursue arbitration but no further action was taken thereon. Instead, she filed suit against the Company alleging that she had been discharged because she had filed a claim for worker's compensation benefits.

Defendant's motion for summary judgment urged the contention that plaintiff had elected to pursue her claim by way of the contractual remedy and had failed to exhaust her contractual remedies. Supporting affidavits were supplied by Union representatives. The Union was not made a party to the suit and no contention is made that the Union or any of its officials failed to discharge with fidelity and diligence every duty it owed to plaintiff.

The gravamen of plaintiff's complaint is that she was wrongfully discharged by the defendant employer. There was a comprehensive bargaining agreement providing an exclusive method of settlement of such disputes and plaintiff availed

-2-

herself of such contractual provisions.[1] For reasons which it did not articulate, the International Union refused to take the grievance to the fifth step. A similar refusal was not disapproved in Vaca v. Sipes, noted earlier. It is sufficient to state at the moment that no contention is made that the employee-plaintiff was "prevented from exhausting [her] contractual remedies by the union's wrongful refusal to process the grievance." (386 U.S. at 185, emphasis in original) See also, Ostrofsky v. United Steelworkers of America, 171 F.Supp. 782 (D. Maryland 1959), aff'd per curiam, 273 F.2d 614 (4th Cir.), cert. den'd, 363 U.S. 849 (1960).

The plaintiff chose the Union to process her grievance through the contractual machinery and is now bound by the acts of its agent. Harris v. Chemical Leaman Tank Lines, Inc., 437 F.2d 167, 170 (5th Cir. 1971).

Chief Justice Curtiss Brown wrote a scholarly opinion on the narrow subject now under discussion in the case of Thompson v. Monsanto Company, 559 S.W.2d 873 (Tex. Civ. App.--Houston [14th Dist.] 1977, no writ), and held that federal law preempted the state law. His analysis of the statutes and decisions is approved and is now followed by this Court.

There is but one factual difference in the two cases. In Thompson, the parties went to binding arbitration, while here, plaintiff's Union declined to take the fifth step. But, as

---

[1] The steps in the grievance procedure in the contract before us are substantially the same as those set out in Vaca v. Sipes, 386 U.S. 171, 175, 87 S.Ct. 903, 17 L.Ed.2d 842, 849, fn. 3 (1967).

-3-

noted above, plaintiff does not contend that the Union wrongfully refused to pursue her claim. See Sartwelle, "Workers' Compensation, Annual Survey of Texas Law", 33 SW. L.J. 331, 367 (1979), for a discussion of Thompson, supra. See also, Brown v. Gulf Coast Machine & Supply Co., 551 S.W.2d 397, 400 (Tex. civ. App.--Beaumont 1977, writ ref'd n.r.e.), concurring opinion.

Finally, after considering the very recent opinion in Carnation Company v. Borner, ___ S.W.2d ___ (Tex. Civ. App.-- Houston [14th Dist.], No. B1969, August 14, 1979, not yet reported), we are of the opinion that the language used in Vaca v. Sipes and Monsanto relating to arbitration controls the disposition of this cause. The local Union in our case did far more than merely file a grievance. Whatever may have been the motivating factors compelling the International Union to forego its demand for arbitration did not confer private rights upon plaintiff to pursue her tort claim against her employer.

The factual situation in Borner is inapplicable to our cause. The trial court properly granted the defendant's motion for summary judgment and such judgment is now AFFIRMED.

Quentin Keith
Justice

Opinion delivered
December 13, 1979

# IN THE COURT OF CIVIL APPEALS

## FOR THE

# NINTH SUPREME JUDICIAL DISTRICT OF TEXAS

## *At Beaumont, Texas*

STATE OF TEXAS
COUNTY OF JEFFERSON }

I, J. A. Hulgan, Clerk of the Court of Civil Appeals,

for the Ninth Supreme Judicial District of Texas, at Beaumont, Texas,

do hereby certify that the foregoing _____Four_____ pages,

is a true and correct copy of_____Court's Opinion_____

in cause No._____8372_____

Anna Spainhouer

vs. Western Electric Company, Inc.

which was filed in said Court of Civil Appeals on the __13th__ day of

December , A.D. 19 79 .

Witness my hand and seal of said Court of Civil Appeals, at

Beaumont, Texas, this __6th__ day of __February__ A.D. 19 80.

J. A. HULGAN, Clerk

By _____, Deputy

Judgment Rendered ___ December 13th _____ 19⁷9 ___

Anna Spainhouer _____  B 9176

vs. No. ___ 8372 _____

Western Electric Company, Inc. _____

from _____ District _____ Court of _____ Dallas _____ _____ County

Opinion by ___ Associate _____ Justice ___ Quentin Keith _____

This cause came on to be heard on the transcript of the record, and, the same being inspected, because it is the opinion of the Court that there was _____ no _____ error in the judgment; it is therefore considered, adjudged and ordered that the judgment of the Court below be

in all things affirmed, and that all cost of this appeal be assessed against the appellant, Anna Spainhouer and the surety on her appeal bond, Lawyers Surety Corporation. A copy of this judgment, shall be certified below for observance.

Order, made _____ January 10th _____ 19⁸0

**overruling motion for a rehearing**

Motion No. _____; Cause No. _____; _____

from _____; motion for rehearing; the motion is overruled.

I, JOE A. HULGAN, Clerk of the Court of Civil Appeals, Ninth Supreme Judicial District of Texas, hereby certify that the foregoing page contains true and correct copies of the judgment of said Court and its order overruling the motion for a rehearing and the respective dates thereof in the above numbered and styled cause.

Witness my hand and the seal of said Court, this the _____ 6th day of __ February ____ A D 19 _ 80

JOE A. HULGAN
Clerk

By _____, Deputy

# CLERK'S OFFICE-Court of Civil Appeals at Beaumont

Anna Spainhouer

vs.

No. 8372

Western Electric Co., Inc.

CERTIFIED COPY

## BILL OF COSTS

in the

### COURT OF CIVIL APPEALS, 9th DISTRICT

| | | |
|---|---:|---:|
| Clerk's Fees, Court of Civil Appeals  (Rule 388-A) $ | 25 | 00 |
| Transcript Fee | 52 | 00 |
| Statement of Facts Fee | | |
| Total  $ | 77 | 00 |

I, J A. HULGAN, Clerk of the Court of Civil Appeals, Ninth Supreme Judicial District, at Beaumont, hereby certify that the above copy of Bill of Costs is true and correct.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Beaumont, this _____ 6th _____ day of February _____ A. D., 19 80

Joe A. Hulgan

Clerk,

By _Shirley Forrest_ . Deputy

# Court of Civil Appeals
## Ninth Supreme Judicial District
### Beaumont, Texas 77701

MARTIN DIES, JR., CHIEF JUSTICE
QUENTIN KEITH, ASSOCIATE JUSTICE
HAROLD R. CLAYTON, ASSOCIATE JUSTICE

February 6, 1980

J. A. HULGAN
CLERK
(713) 835-8402

Mr. Garson Jackson, Clerk
Supreme Court Building
Austin, Texas 78711

In Re: No. 8372, Anna Spainhouer vs Western Electric Co., Inc.

1. Transcript
2. Brief of Appellant (3)
3. Brief of Appellee (3)
4. Motion for Rehearing (3)
5. CC Court's Opinion
6. CC Judgment
7. Appellant's Application for Writ of Error (12)
8. Cost Bill ($10.00 check, Holley & Holley)